**WILLOWBROOK RANCH, INC., a Wyoming corporation, Appellant (Defendant),**

v.

**NUGGET EXPLORATION, INC., a Nevada corporation, Appellee (Plaintiff).**

No. 94–272.

Supreme Court of Wyoming.

June 9, 1995.

John T. Pappas of Western Law Associates, Lander, for appellant.

Robert Jerry Hand and Thomas E. Lubnau, II of Lubnau, Hand & Bailey, LLC, Casper, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Willowbrook Ranch, Inc. appeals from a judgment which decreed that only the surface grazing rights were conveyed to Willowbrook Ranch on the tracts of land described in a quitclaim deed granted by Timba–Bah Mining Company. Willowbrook Ranch also appeals from the district court's denial of its motion to amend and clarify the judgment.

We affirm.

### Issues

Willowbrook Ranch presents the following issues on appeal:

1. Whether the doctrines of judicial estoppel and/or collateral estoppel should bind the appellee to the legal position jointly taken between the appellee's predecessor in interest, Timba[–B]ah Mining Co., Inc. and the appellant in a 1968 quiet title action and judgment.

2. Whether, if not reversed, the judgment must be clarified to protect appellant's grazing rights in the surface from interference or destruction by the plaintiff without recourse or compensation.

### Facts

On March 9, 1966, Timba–Bah Mining conveyed by quitclaim deed "all of the surface grazing rights, including B.L.M. rights" in several tracts of land to Willowbrook Ranch, while reserving all minerals and mineral rights in that property for itself. Willowbrook Ranch, as the owner of the surface grazing rights, and Timba–Bah Mining, as the owner of the mineral rights, brought an action on May 28, 1968, to quiet the title in the property against several defendants. Pursuant to the prayer in Willowbrook Ranch's and Timba–Bah Mining's complaint, the district court quieted the title to the surface grazing rights in Willowbrook Ranch and quieted the title to the mineral rights in Timba–Bah Mining on August 12, 1968. On June 15, 1981, Timba–Bah Mining conveyed its mineral rights in the tracts of land to Appellee Nugget Exploration, Inc., and Willowbrook Ranch conveyed its surface grazing rights in the property to Stevan J. Smith by a quitclaim deed which was recorded on June 13, 1989.

On November 14, 1991, Nugget Exploration filed an action for declaratory judgment against Smith and Willowbrook Ranch, seeking to have the respective parties' rights in the property determined. Willowbrook Ranch and Smith counterclaimed, seeking to

quiet the title in the surface grazing rights to the property. The district court granted a summary judgment on March 23, 1992, in favor of Nugget Exploration, finding that, on its face, the 1966 quitclaim deed was unambiguous and that Nugget Exploration was

> the record owner of the entire fee simple estate ... subject only to surface grazing rights, including B.L.M. rights, conveyed to Defendant Willowbrook Ranch, Inc., by virtue of that certain quitclaim deed ... recorded on June 9, 1966....

On appeal, this Court held that the deed was ambiguous and that the ambiguity created a genuine issue of material fact with respect to the parties' intention, which precluded the entry of a summary judgment. *Smith v. Nugget Exploration, Inc.*, 857 P.2d 320, 324 (Wyo.1993). More specifically, we identified the issue as being "whether the entire surface estate or something less than that called 'surface grazing rights' was conveyed in the 1966 deed." 857 P.2d at 323. We reversed the summary judgment and remanded the case for further proceedings.

The district court heard the matter on remand. Although the trial of this matter was not reported, the district court made detailed findings of fact and granted a judgment in favor of Nugget Exploration. The court held that Nugget Exploration had "the sole and exclusive right, title, and interest in and to any and all of the rock tailings, dredge tailings, sand tailings, gravel, sand, stockpiles, residue, and overburden" located on the property and the "entire and exclusive right to mine, dig, carry away, extract, and sell" the same. The district court declared that Willowbrook Ranch's sole interest in the property was the surface grazing rights, including B.L.M. rights.

Willowbrook Ranch filed a motion to amend and to clarify the judgment, requesting that the district court delineate the rights and incidents of Willowbrook Ranch's surface grazing rights, which motion was denied. This appeal followed.[1]

---

1. Smith conveyed a mortgage deed to the property back to Willowbrook Ranch after the judgment

*Estoppel*

Willowbrook Ranch contends that, under the doctrines of judicial estoppel and collateral estoppel, the judgment entered in the 1968 quiet title action was a bar to the present litigation.

**A. Judicial Estoppel**

■ This court has invoked the doctrine of judicial estoppel on several occasions. *RKS v. SDM*, 882 P.2d 1217, 1224 (Wyo. 1994). We have described judicial estoppel as being

> a doctrine which estops a party to play fast and loose with the courts or to trifle with judicial proceedings. It is an expression of the maxim that one cannot blow hot and cold in the same breath. A party will just not be allowed to maintain inconsistent positions in judicial proceedings....

*Allen v. Allen,* 550 P.2d 1137, 1142 (Wyo. 1976). Judicial estoppel binds a party by his judicial declarations, and that party

> "may not contradict them in a subsequent proceeding involving [the] same issues and parties.... Under this doctrine, a party who by his pleadings, statements or contentions, under oath, has assumed a particular position in a judicial proceeding is estopped to assume an inconsistent position in a subsequent action."

*DLB v. DJB (Paternity of JRW),* 814 P.2d 1256, 1265–66 (Wyo.1991) (quoting BLACK'S LAW DICTIONARY 761 (5th ed. 1979)). In addition to the requirement of "inconsistent positions," most courts also require that the initial position taken must be one regarding fact. In other words, judicial estoppel does not apply to legal conclusions which were reached on the basis of undisputed facts. *RKS,* 882 P.2d at 1224.

■ When no transcript has been made of the trial proceedings, this Court accepts the trial court's findings as being the only basis for deciding the issues which pertain to the evidence. *Armstrong v. Pickett,* 865 P.2d 49, 50 (Wyo.1993). In the absence of anything to refute them, we will sustain the trial court's findings, and we assume that the

had been entered. Smith, therefore, is not involved in this appeal.

evidence presented was sufficient to support those findings. *Osborn v. Pine Mountain Ranch,* 766 P.2d 1165, 1167 (Wyo.1989).

The district court found that the 1968 quiet title action was not a bar to Nugget Exploration's present claim because "the positions of the parties [were] not contradictory to the present position of [Nugget Exploration], and the positions taken in the quiet title action [were] not identical to the positions taken in this action." In bringing the quiet title action, Timba–Bah Mining and Willowbrook Ranch intended to clear their titles against several defendants and not to affect the relative ownership interests between them in any way. The action merely quieted the title in each to its respective ownership as was established by the 1966 quitclaim deed.

 Willowbrook Ranch has failed to show that Nugget Exploration maintained an inconsistent position or that the positions taken in the 1968 quiet title action were identical to the positions taken in this case. The doctrine of judicial estoppel did not bar Nugget Exploration from bringing its declaratory judgment action against Willowbrook Ranch.

## B. Collateral Estoppel

 When determining whether collateral estoppel applies, courts should consider four factors:

(1) whether the issue decided in the prior adjudication was *identical* with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Slavens v. Board of County Commissioners for Uinta County,* 854 P.2d 683, 686 (Wyo. 1993) (emphasis in original). The doctrine of collateral estoppel prevents " 'relitigation of issues which were involved actually and necessarily in the prior action between the same parties.' " *Matthews v. Fetzner,* 768 P.2d 590, 592 (Wyo.1989) (quoting *Delgue v. Curutchet,* 677 P.2d 208, 214 (Wyo.1984)).

 As plaintiffs in the 1968 quiet title action, Timba–Bah Mining and Willowbrook Ranch sought to quiet their titles against the claims of various defendants. It logically follows that the judgment in that action had no influence on the rights of the plaintiffs with respect to one another as they did not present the issue of their relative rights. In the case at bar, Nugget Exploration sought to establish the parties' respective rights to the property. The issues involved in the two proceedings, therefore, were not identical, and the prior adjudication did not result in a judgment being entered on the merits which were involved in the current case. The doctrine of collateral estoppel did not bar Nugget Exploration from bringing its declaratory judgment action against Willowbrook Ranch.

### *Clarification of Judgment*

 Willowbrook Ranch claims that the district court's judgment must be clarified in order to protect Willowbrook Ranch's grazing rights in the surface from possible interference or destruction by Nugget Exploration. Nugget Exploration contends that Willowbrook Ranch is requesting that an advisory opinion be rendered and that this Court should refuse to provide one. We agree. "This Court has repeatedly said that it will not issue advisory opinions." *Briggs v. Wyoming National Bank of Casper,* 836 P.2d 263, 266 (Wyo.1992).

### *Conclusion*

We hold that the district court did not err when it granted the declaratory judgment in favor of Nugget Exploration.

Affirmed.