Jodi GOODWIN, individually and as next friend of Betty Jo GOODWIN, a minor, Appellants (Plaintiffs),

v.

Randy HALL, Appellee (Defendant).

No. 97–214.

Supreme Court of Wyoming.

April 15, 1998

C.M. Aron and K. Karla Tull of Aron and Hennig, Laramie, for Appellant.

Kathleen A. Hunt, Laramie, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Jodi Goodwin (Goodwin) appeals from the district court's order dismissing her complaint against Randy Hall (Hall) for lack of *in personam* jurisdiction. We affirm.

## ISSUES

Appellant Goodwin presents the following issues for our review:

Whether the constitutional standard of *in personam* jurisdiction over a non-resident committing a commercial tort applies equally to a non-resident who commits a personal tort.

Whether the level of minimum contacts required to assert *in personam* jurisdiction in a commercial case is sufficient in a case affecting individual rights.

Whether an individual as a private person is entitled to the same constitutional jurisdiction standards as would apply to the same individual as a consumer.

Whether a Wyoming court has personal jurisdiction over an Idaho resident whose conduct in Idaho is intended to interfere with the rights of a Wyoming resident mother and child.

Appellee Hall states the following issue in his brief:

The sole issue before this Court is whether the Trial Court properly concluded that the Defendant–Appellee Randy Hall, a resident of the State of Idaho, lacked sufficient minimum contacts so as not to be properly subject to *in personam* jurisdiction in the State of Wyoming.

## FACTS

Goodwin filed her complaint individually, and as next friend of the parties' daughter, on January 13, 1997, in the Second Judicial District, Albany County, Wyoming. The complaint alleged claims for damages for abuse of process, intentional infliction of emotional distress and baseless pleading. The district court dismissed the complaint on motion before any facts outside the pleadings were introduced. Therefore, the only relevant facts are those alleged in the complaint. *Darrar v. Bourke,* 910 P.2d 572, 575 (Wyo. 1996).

This case arises from a paternity and child custody dispute between Goodwin and Hall and concerns the parties' daughter. Goodwin and her daughter are residents of Wyoming. Hall, the biological father, is a resident of Idaho. While his daughter was visiting Hall's parents in Idaho, Hall filed a paternity action in Idaho on January 13, 1995. The affidavit Hall filed in the action contained false statements concerning Goodwin's care and custody of her daughter, and Hall obtained a temporary order which required the daughter to remain in Idaho. Goodwin appeared in Idaho, and the temporary order was dissolved. Hall dismissed his paternity action and filed a second paternity action in Idaho, again filing a misleading affidavit. Hall obtained another temporary order requiring his daughter to remain in Idaho. The daughter was returned to Goodwin's custody once again.

Numerous hearings were held in Idaho, and Goodwin was required to travel to Idaho on several occasions and incur significant legal fees to maintain custody of her daughter. Hall had Goodwin served in Wyoming for both paternity actions. Goodwin filed a parallel custody action in Wyoming, styled as a petition to establish paternity and award child custody and support, or, in the alternative to terminate Hall's parental rights. Pursuant to the Uniform Child Custody Jurisdiction Act, the Wyoming and Idaho courts determined that custody should be determined by the Wyoming court. The Idaho court apparently retained jurisdiction over child support issues. Hall subjected himself to the jurisdiction of the Wyoming court solely for the purpose of determining the custody of his daughter.

In addition to the allegations of damages for abuse of process, intentional infliction of emotional distress and baseless pleading, Goodwin's complaint also alleged that, as a result of Hall's actions, Goodwin lost wages and incurred expenses for attorney's fees and transportation to Boise, Idaho. All of Goodwin's claims arise out of Hall's actions when he filed his two Idaho paternity actions and the alleged false and misleading affidavits filed in connection with those actions.

Hall filed a motion to dismiss, challenging the jurisdiction of the Wyoming district court pursuant to United States and Wyoming constitutional, statutory and case law. After considering the briefs of the parties and the arguments of counsel, the district court determined it lacked personal jurisdiction over Hall in the matter and granted Hall's motion to dismiss. Goodwin filed a timely notice of appeal.

## DISCUSSION

■ The issue of *in personam* jurisdiction, if disputed, must be resolved before a case may proceed. *O'Bryan v. McDonald,* 952 P.2d 636, 638 (Wyo.1998). When the district court holds an evidentiary hearing on the merits of a motion to dismiss alleging lack of *in personam* jurisdiction, the plaintiff must demonstrate personal jurisdiction is proper by a preponderance of the evidence. *Id.* The ultimate question of whether personal jurisdiction may properly be exercised is a question of law, which we review *de novo. Id.* In its decision letter the district court, accepting the facts alleged in the complaint as true and viewing the allegations in the light most favorable to the plaintiff, determined it did not have personal jurisdiction over Hall as a matter of law.

■ Wyoming courts are authorized to exercise personal jurisdiction over a defendant on any basis which is not inconsistent with the Wyoming or United States constitutions. WYO. STAT. § 5–1–107(a) (1997). The due process clause found in the Fourteenth Amendment of the United States Constitution limits the jurisdiction of state courts over the person of nonresident defendants. *O'Bryan,* 952 P.2d at 638. Generally, due process requires that a defendant have contacts with the state such that exercise of jurisdiction does not offend " 'traditional notions of fair play and substantial justice.' " *Id.* at 639 (quoting *Markby v. St. Anthony Hosp. Sys.,* 647 P.2d 1068, 1071 (Wyo.1982), which quotes *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). We have held that the defendant must have at least minimum contacts with the forum state to satisfy the due process standard. *Markby,* 647 P.2d at 1072–73.

■ In her brief, Goodwin summarizes her position and urges us to apply a two-step jurisdictional analysis to her situation. She suggests that we adopt a position that "[w]ith respect to all matters relative to his or her child, a parent is subject to personal jurisdiction in the state where the child resides." We have recently had occasion to examine this issue in a similar case, *O'Bryan v. McDonald,* 952 P.2d 636 (Wyo.1998). In

*O'Bryan* we declined to find the father purposefully availed himself of the privilege of acting in Wyoming by voluntarily entering into a contract concerning child support and partially performing that contract in the state. *Id.* at 640. Finding solace in both our own and the United States Supreme Court's time-honored three-step analysis of *in personam* jurisdiction questions, we will decline to follow Goodwin's recommendation and decline to find personal jurisdiction in this case as well.

No issue of general jurisdiction of Wyoming courts with respect to Hall is present in this case. Goodwin does not allege "continuous and systematic" contact by Hall with the State of Wyoming. In *O'Bryan,* we reiterated our long-standing three-part test which defines the outer limits of personal jurisdiction based on a single act:

> 1) the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state, 2) the cause of action must arise from the consequences in the forum state of the defendant's activities, and 3) the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable.

*O'Bryan,* 952 P.2d at 639 (citing *Amoco Prod. Co. v. EM Nominee Partnership Co.,* 886 P.2d 265, 267 (Wyo.1994)); *see also First Wyoming Bank, N.A., Rawlins v. Trans Mountain Sales and Leasing, Inc.,* 602 P.2d 1219, 1221 (Wyo.1979).

■ Purposeful availment is a threshold requirement meant to ensure " 'that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts.' " *O'Bryan,* 952 P.2d at 639 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)). Unless the purposeful availment requirement is satisfied, the court will not have personal jurisdiction over the nonresident "no matter how strong the interest of the plaintiff or the forum state may be in having the suit adjudicated there." *O'Bryan,* 952 P.2d at 639 (cit-

ing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 294, 100 S.Ct. 559, 565–66, 62 L.Ed.2d 490 (1980)); 1 Robert C. Casad, Jurisdiction in Civil Actions § 2.05 (2d ed.1991).

■ Goodwin claims that Hall purposefully availed himself of the privilege of acting in Wyoming or caused important consequences in Wyoming by the service of process in the state pursuant to Idaho law. However, Goodwin presents no authority that service of process within one state to obtain appearance in a suit brought in another state constitutes purposeful availment. We agree with the determination of the district court that Hall did not avail himself of Wyoming law in order to accomplish service of process. Similarly, when Hall submitted to the jurisdiction of the Wyoming court for purposes of determining custody of the child pursuant to an interstate agreement, he did not "purposefully avail" himself of the privilege of acting in Wyoming.

While we cannot deny that Hall's actions had significant consequences for a Wyoming resident and her child, we agree with the district court's finding that Hall's actions also had significant consequences in Idaho, "for it was Idaho's legal process and Idaho's courts that were subverted by Hall's actions." Finally, we are also in accord with the district court's opinion that "the Idaho courts should have the opportunity to address [Hall's] alleged actions and to deal appropriately with them." The district court considered the other prongs of the test for personal jurisdiction and determined it lacked personal jurisdiction over Hall in this matter. However, because the threshold "purposeful availment" requirement is not satisfied in this case, we need not consider the remaining jurisdictional requirements.

## CONCLUSION

Goodwin failed to establish that Hall had sufficient contacts with Wyoming to require him to come to Wyoming to defend her claims against him. Therefore, the district court's order dismissing the case for lack of personal jurisdiction is affirmed.