Vernon Lee THOMAS, Appellant
(Defendant),

v.

Kristal Rene THOMAS, Appellee
(Plaintiff).

No. 97–360.

Supreme Court of Wyoming.

June 29, 1999.

Fred W. Phifer, Wheatland, WY, Representing Appellant.

Rex E. Johnson of Sherard, Sherard & Johnson, Wheatland, WY, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

LEHMAN, Chief Justice.

Appellant Vernon Lee Thomas (Father) appeals the district court's order awarding retroactive child support payments and limited visitation. Finding that the district court acted within its authority in granting child support retroactive to the date of birth, and that appellant failed to present a record from which this court could make a determination that the district court abused its discretion in ordering limited visitation, we affirm.

### ISSUES

We discern two issues for review:

I. Whether the district court had sufficient jurisdiction and authority to enter a retroactive order of support; and

II. Whether the district court abused its discretion in limiting Father to two brief visitations with his daughter per year.

### FACTS

Father and Mother were married on December 15, 1982. Shortly after the birth of a daughter in 1985, the parties experienced marital difficulties, resulting in Father's disappearance in early 1986 when his daughter was three months old. Mother filed for divorce on May 21, 1992. Personal service on Father was not obtainable, so service was accomplished by publication. The Decree of Divorce was entered by default on July 27, 1992, and included a provision requiring Father to pay Mother $150.00 per month in child support. Father failed to make any of the required child support payments.

After locating Father in 1996, the State of Wyoming filed a Petition for Order to Show Cause on March 17, 1997, requesting that Father be required to pay all back child support, as well as reasonable attorney fees and costs incurred in filing the motion. On May 9, 1997, Father filed a Motion for Judgment on the Pleadings, alleging the district court lacked personal jurisdiction over him when it entered the decree of divorce containing the child support obligation. The district court agreed, finding that "personal service was not obtained on the Defendant prior to the entry of a child support obligation in this matter and that the Court lacked personal jurisdiction to issue a child support order to the Defendant."

Not satisfied with his initial victory, Father responded by filing a Motion to Establish Visitation and Child Support on July 11, 1997. Father requested liberal visitation rights with his daughter and asked the court to establish child support pursuant to Wyo. Stat. Ann. § 20–6–304 (Lexis 1999). Mother answered by filing a Resistance to Defendant's Motion to Establish Visitation and Plaintiff's Request for Child Support. Mother argued that Father's abandonment of his daughter shortly after birth and his lack of participation in the support of his daughter showed Father was incapable of properly

---

* Chief Justice at time of expedited case conference; retired November 2, 1998.

caring for the daughter. Mother also requested a reasonable amount of child support be awarded in the future, as well as retroactively for the support of the daughter from the time of birth.

After an unrecorded hearing on September 17, 1997, the district court issued its decision letter, finding that Father failed to show that a standard visitation arrangement would benefit his daughter in any way. The district court stated in relevant part:

> No evidence indicates that the Defendant will be able to support [daughter] in a visitation relationship in a way that will benefit her. Even after a visit in 1996, the Defendant has entirely failed to maintain contact with or interest in [daughter]. The Defendant's history (children by several women, disappearing for a significant time, lack of consistency in relationships, failure to provide support), on the other hand, indicates that the Court should be cautious in forcing visitation on [daughter].

The court determined that it was in the daughter's best interest to grant Father limited visitation: the first Saturdays in October and May of each year, in Wheatland, at locations and under conditions approved in advance by Mother.

Based on the financial affidavits filed by both parties, the district court went on to establish Father's child support obligation at $220.00 per month. Finding that Father's obligation to support his daughter dated back to her birth, the district court awarded child support retroactively to January 1986. An order incorporating the decision letter was signed by the district court on November 3, 1997. A subsequent correcting order, setting back support at $31,020.00 and allocating that money between the State and Mother, was entered nunc pro tunc and signed by the district court on November 12, 1997. This timely appeal followed.

### STANDARD OF REVIEW

■ Jurisdictional issues present questions of law which we review de novo. *Weller v. Weller*, 960 P.2d 493, 494 (Wyo.1998); *Goodwin v. Hall*, 957 P.2d 1299, 1301 (Wyo. 1998); *O'Bryan v. McDonald*, 952 P.2d 636, 638 (Wyo.1998). The de novo review of jurisdictional questions is "pursuant to 'the inherent power, and the duty, to address jurisdictional defects on appeal....'" *Weller*, 960 P.2d at 494 (quoting *Gookin v. State Farm Fire & Cas. Ins. Co.*, 826 P.2d 229, 232 (Wyo.1992)).

■ Decisions concerning child support and visitation are committed to the sound discretion of the district court. *Reavis v. Reavis*, 955 P.2d 428, 431 (Wyo.1998); *Scherer v. Scherer*, 931 P.2d 251, 253–54 (Wyo. 1997); *Triggs v. Triggs*, 920 P.2d 653, 656–57 (Wyo.1996); *Basolo v. Basolo*, 907 P.2d 348, 352–53 (Wyo.1995). The primary consideration when determining visitation must be the welfare and best interest of the child. *See Basolo*, 907 P.2d at 353–54. The determination of the best interest of the child is a question for the trier of fact; we will not disturb that decision unless we are convinced the trial court has abused its discretion. *Reavis*, 955 P.2d at 431 (quoting *Fink v. Fink*, 685 P.2d 34, 36 (Wyo.1984)).

We recently clarified the definition of abuse of discretion when we said the core of our inquiry must reach "the question of reasonableness of the choice made by the trial court." *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Id.* (quoting *Byerly v. Madsen*, 41 Wash.App. 495, 704 P.2d 1236, 1238 (1985)); *Basolo*, 907 P.2d at 353. We must ask ourselves whether the district court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious.

### DISCUSSION

#### Jurisdiction and Authority to Order Back Support

■ When the district court entered the divorce decree in 1992, constructive service by publication was insufficient for purposes of a child support order. Personal service within the state was necessary to provide proper notice and bestow in personam juris-

diction on the district court. *See Duncan v. Duncan,* 776 P.2d 758, 759–60 (Wyo.1989); *Rodgers v. Rodgers,* 627 P.2d 1381, 1383–84 (Wyo.1981); Wyo. Stat. Ann. § 20–4–101, *et seq.* (repealed 1995). We often have held that a judgment or order issued by a court lacking personal jurisdiction over the defendant is void and is of no force or effect. *MN v. CS,* 908 P.2d 414, 416 (Wyo.1995); *KT v. State,* 902 P.2d 1288, 1291 (Wyo. 1995); *Goss v. Goss,* 780 P.2d 306, 312 (Wyo.1989); *Matter of Contempt Order Issued Against Anderson,* 765 P.2d 933, 936 (Wyo.1988). *See also* 49 C.J.S. *Judgments* § 18 (1997); 46 Am.Jur.2d *Judgments* § 27 (1994). "A void judgment is not entitled to the respect accorded to, and is attended by none of the consequences of, a valid adjudication. Indeed, a void judgment need not be recognized by anyone, but may be entirely disregarded or declared inoperative by any tribunal in which effect is sought to be given to it. It has no legal or binding force or efficacy for any purpose. ..." 46 Am.Jur.2d *Judgments* § 31 (1994). We cited a similar rule in *JHL v. BMG,* 665 P.2d 491, 498–99 (Wyo.1983). The practical effect of the district court's lack of personal jurisdiction over Father in 1992 was the issuance of a divorce decree which made no determination of the child support obligation.

■ Father argues the district court's 1997 Order for Child Support and Visitation was actually a retroactive modification of the void 1992 child support obligation. Under Wyo. Stat. Ann. § 20–2–113(a) (Lexis 1999), a child support order cannot be modified retroactively beyond the date of the filing of the petition to modify unless the parties agree to the modification. However, the district court in this case was not considering a petition to *modify* an existing child support order. The portions of the 1992 divorce decree pertaining to child support were as nullity. Accordingly, when faced with a divorce decree which does not include child support, we have said: "When the original divorce decree and subsequent modifications do not contain any references to child support, the petition to establish is not a motion to modify[;] ... [i]t is merely ancillary or supplemental to the main cause. ... Additionally,

the standard for establishing rather than modifying child support should apply." *Warren v. Hart,* 747 P.2d 511, 513 (Wyo.1987). Although the party's own labeling of a document is in no way binding on a court, Father implicitly recognized this concept when, instead of filing a motion to modify, he filed a "Motion to Establish Visitation and Child Support."

■ Having determined that the 1997 proceedings were for the purpose of establishment, and not modification, of the child support payments, Father's argument that the court lacked jurisdiction and authority to impose child support retroactively is easily dismissed. The district court clearly had the statutory authority to enter a child support order retroactively to the child's birth: "Any person legally responsible for the support of a child who abandons, deserts, neglects or unjustifiably fails to support the child is liable for support of the child." Wyo. Stat. Ann. § 14–2–204(a) (Lexis 1999). "The measure of recovery from the defendant is the reasonable value of the care or support which has been furnished to the child by the petitioner. In addition, the court may make other suitable order for future care or support of the child. These remedies are cumulative and in addition to other remedies provided by law." Wyo. Stat. Ann. § 14–2–204(d) (Lexis 1999). The statute allows recovery for support "which has been furnished" in the past and that which will cover "future care or support." *Id.* The language of the statute leads to a clear inference that the legislature intended and recognized that child support would be collected retroactively in cases where a parent has abandoned a child and refused to participate in the support of the child.

The analysis we have used in paternity determination/support cases, while not directly on point, is instructive. In *Ellison v. Walter, ex rel. Walter,* 834 P.2d 680, 684–85 (Wyo.1992), we stated that

a district court possesses the authority to issue support orders retroactive to the date of a child's birth in paternity/support actions initiated by a state for the reimbursement of public assistance. The guid-

ing principles in each instance are to promote the welfare of the child and to serve the ends of justice. We are persuaded that neither principle is generally served by failing to acknowledge a father's duty to support his child from the date of birth. The importance of these guiding principles applies equally to the situation presented in this case: a determination of the child support obligation of a parent who has abandoned his child and contributed nothing to the support of that child since birth. "The duty of a natural father to support his child begins at birth[;] ... retroactive child support orders should be the rule, rather than the exception. The burden is accordingly placed upon the father to demonstrate to the district court why a retroactive child support order should not issue in a particular case." *Id.* at 684–85 (footnote omitted).

■ Father also raises issues of res judicata and estoppel, arguing that dismissing the State's claim for back support due to lack of jurisdiction in the original decree barred the district court from allowing retroactive support in its establishment hearing. For the reasons stated above, we find these arguments to be without merit. The only issue the district court reached in its dismissal of the State's petition for back support was the lack of personal jurisdiction over Father in 1992. Accordingly, res judicata and collateral estoppel are not applicable as to the unrelated issue of whether retroactive support can be awarded in the child support establishment hearing.

*Visitation*

■ We now turn to the question of whether limiting Father's visitation to two Saturdays per year, with the stipulation that the parties can agree to increase the visitations in the future, constitutes an abuse of discretion. In order to find an abuse of discretion, we must review all the evidence heard by the district court. *Jacobs v. Jacobs*, 895 P.2d 441, 443 (Wyo.1995) (citing *Feaster v. Feaster*, 721 P.2d 1095, 1096 (Wyo. 1986)). Father, as appellant here, bears the burden of providing this court a complete record on which to base a decision. *Stadtfeld v. Stadtfeld*, 920 P.2d 662, 664 (Wyo.1996);

*Jacobs*, 895 P.2d at 443 (citing *Feaster*, 721 P.2d at 1096); *Wood v. Wood*, 865 P.2d 616, 617 (Wyo.1993); *Schweer v. Manning*, 646 P.2d 175, 176 (Wyo.1982). The hearing in this case was unreported. Father failed to present a settlement of the record as provided in W.R.A.P. 3.03. In the absence of a complete record, we must "accept 'the trial court's findings as being the only basis for deciding the issues which pertain to the evidence. In the absence of anything to refute them, we will sustain the trial court's findings, and we assume that the evidence presented was sufficient to support those findings.'" *Weiss v. Pedersen*, 933 P.2d 495, 498 (Wyo.1997) (quoting *Willowbrook Ranch, Inc. v. Nugget Exploration, Inc.*, 896 P.2d 769, 771–72 (Wyo.1995)).

■ The district court considered the evidence and determined the limited visitation arrangement was in the best interest of the child. Among the myriad of findings listed in the court's decision letter were findings that Father has a history of lack of stability, an inability to take responsibility for several children he has fathered by different women, and has failed to provide any support to his daughter in the past. The limited record before us contains no evidence which refutes these findings. In the absence of a transcript or an approved statement of the hearing as provided under W.R.A.P. 3.03, "we cannot assume that the court's findings were unsupported. We cannot find an abuse of discretion." *Feaster*, 721 P.2d at 1097 (quoted in *Stadtfeld*, 920 P.2d at 664).

*CONCLUSION*

The district court lacked personal jurisdiction over Father when it ordered child support as part of the divorce decree in 1992, resulting in a void judgment as it pertained to child support. Father promptly remedied the jurisdictional defect, as well as the lack of child support order, when he requested affirmative relief in the form of his Motion to Establish Visitation and Support. The district court then properly treated the proceedings as an establishment of child support and awarded support retroactively to the date of the child's birth. The district court acted within its jurisdiction and authority in estab-

lishing child support. Father failed to present a record from which we could make a determination that the district court abused its discretion in limiting Father's visitation rights.

Affirmed.