2004 WY 27

**Jim CHANCLER, d/b/a Lone Wolf Construction, Appellant (Plaintiff),**

v.

**Vicki L. MEREDITH, Appellee (Defendant).**

No. 03-92.

Supreme Court of Wyoming.

March 22, 2004.

Representing Appellant: Jody L. Chance, Law Office of Jody Chance, Jackson, Wyoming.

Representing Appellee: William P. Schwartz of Ranck & Schwartz, Jackson, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

HILL, Chief Justice.

[¶ 1]   Appellant, Jim Chancler, d/b/a Lone Wolf Construction (Lone Wolf), seeks review of a judgment of the district court that was entered after a trial to the court.   In that judgment, Appellee, Vicki L. Meredith (Meredith), was awarded damages arising out of a contract dispute involving the remodeling of her home.   Lone Wolf contends that the district court erred in finding it breached the warranty contained in the construction contract, erred in finding that Lone Wolf had abandoned the job, erred in failing to properly consider Meredith's writing wherein she conceded she owed Lone Wolf the contractor's fee, abused its discretion by making an award of architect fees, and erred in awarding the cost of repairs to Meredith.   Meredith defends the appeal on the basis that Lone Wolf failed to cause a transcript of the trial proceedings to be prepared and, under the applicable standard of review, this Court is compelled to affirm the district court and award her costs, attorney's fees, and a penalty because there is no reasonable cause for Lone Wolf's appeal.   We will affirm and award Meredith her costs on appeal and attorney's fees.

## ISSUES

[¶ 2]   Lone Wolf poses these issues for our consideration:

1.   Did the district court err in finding that Lone Wolf breached the warranty that the work and materials supplied by him would be free of defects?

2.   Did the district court err in finding that Lone Wolf had abandoned the job?

3.   Did the district court err in not considering that Meredith had signed a document stating she owed Lone Wolf the contractor's fee?

4. Was the district court's award of architect fees an abuse of discretion?

5. Did the district court err in awarding the cost of any repairs to Meredith?

Meredith does not address the issues submitted by Lone Wolf. Instead she contends that because there is no record of the trial proceedings, there is no basis for this Court to substitute its judgment for that of the trial court. In addition, she asserts that the appeal is without merit because there is no record, thus entitling her to an award of costs, attorney's fees, and a penalty under W.R.A.P. 10.05.

### FACTS AND PROCEEDINGS

[¶ 3] From the record we are able to discern the following things. Lone Wolf filed a complaint in the district court on November 29, 2000, alleging breach of contract, or a quasi contract, and seeking damages in the amount of $16,438.00. A copy of the contract was admitted at trial, and it is in the record. On December 15, 2000, Meredith filed an answer and counterclaim essentially denying all of the allegations of the complaint and seeking damages in an unspecified amount for breach of contract and/or negligence. Lone Wolf answered the counterclaim on January 3, 2001. On March 12, 2003, the district court entered its judgment reciting that the trial was held on February 18, 2003, enumerating its finding of facts in favor of Meredith, and awarding her a judgment for $17,172.64. The record also contains a note written by Meredith, with no specific addressee on it, stating: "I promise to pay the general contractor's fee less deductibles that have arisen during construction." The note is dated February 14, 2000. In addition, the record contains 40 pages of otherwise unexplained pictorial and documentary exhibits that were admitted in evidence during the trial.

[¶ 4] In its brief, Lone Wolf sets out its version of what transpired at trial. As an initial step in our analysis we will note that W.R.A.P. 7.01(e)(2) requires that an appellant include in its brief "[a] statement of the facts relevant to the issues presented for review with appropriate references to documents listed in the index of the transmitted record." In circumstances where trial errors are raised as issues, one of those documents will customarily be a transcript of the trial proceedings, or some alternative substitute for the transcript, such as a statement of evidence or proceedings where no transcript is available. *See* W.R.A.P. 3.01—3.04. In this case, we have no transcript or any substitute for the transcript.

### STANDARD OF REVIEW

[¶ 5] The applicable standard of review has been summarized as follows:

In the record on appeal, there is no transcript from the damages phase of the trial. It is the appellant's burden to bring us a complete record on which to base a decision. *Ahearn v. Ahearn*, 993 P.2d 942, 949 (Wyo.1999); *Stadtfeld v. Stadtfeld*, 920 P.2d 662, 663 (Wyo.1996). When no transcript has been made of trial proceedings, this court accepts the trial court's findings as being the only basis for deciding the issues which pertain to the evidence. *Willowbrook Ranch, Inc. v. Nugget Exploration, Inc.*, 896 P.2d 769, 771 (Wyo.1995); *Armstrong v. Pickett*, 865 P.2d 49, 50 (Wyo.1993). In the absence of anything to refute them, we will sustain the trial court's findings, and we assume that the evidence presented was sufficient to support those findings. *Willowbrook Ranch, Inc. v. Nugget Exploration, Inc.*, 896 P.2d at 771; *Osborn v. Pine Mountain Ranch*, 766 P.2d 1165, 1167 (Wyo.1989). Here, because there is nothing in the record to refute the district court's finding on damages, we affirm the award of damages.

*G.C.I. Inc. v. Haught*, 7 P.3d 906, 911 (Wyo. 2000); *also see Dobson v. Stahla*, 2003 WY 6N, ¶ 8, 63 P.3d 209, ¶ 8 (Wyo.2003).

### DISCUSSION

█ [¶ 6] Our thorough examination of Lone Wolf's brief discloses that all of its contentions rely upon the facts of this case as they were presented to the district court at trial. Therefore, the standard of review mandates that we affirm the district court's judgment.

**Costs, Attorney's Fees, and Penalty**

[¶ 7] Because of Lone Wolf's failings in this appeal, Meredith asks that we invoke the provisions of W.R.A.P. 10.05 (costs and penalties on affirmance), which provide this guidance:

If the judgment or appealable order is affirmed in a civil case, appellee shall recover the cost for publication of the brief with the cost to be computed at the rate allowed by law for making the transcript of the evidence. If the court certifies there was no reasonable cause for the appeal, a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case. The amount for attorneys' fees shall not be less than one hundred dollars ($100.00) nor more than five thousand dollars ($5,000.00). The amount for damages to the appellee shall not exceed two thousand dollars ($2,000.00).

[¶ 8] Because there is no transcript, there is no reasonable cause for Lone Wolf's appeal, and we so certify. Meredith attached to her brief an affidavit from her attorney avowing that her costs on appeal were $41.95 and that her attorney's fees were $1,700.00 (ten hours × $170.00 per hour). We conclude that these costs and attorney's fees are reasonable and award them to Meredith. Meredith also asks that we award damages (penalties). Meredith does not set out any basis for damages, or penalties, other than her costs and attorney's fees. Thus, we conclude that damages or penalties are unnecessary because the award of costs and attorney's fees fully vindicates this Court's interest in enforcing the rules of appellate procedure.

### CONCLUSION

[¶ 9] The district court's judgment is affirmed. Meredith is awarded costs in the amount of $41.95 and attorney's fees of $1,700.00 (total $1,741.95) and judgment is entered to that effect.