# IN THE SUPREME COURT, STATE OF WYOMING

# 2013 WY 45

## APRIL TERM, A.D. 2013

## April 17, 2013

MEGAN B. GOLDEN, f/k/a/ MEGAN B. GUION,

Appellant
(Plaintiff),

v.

S-12-0196

TODD A. GUION,

Appellee
(Defendant).

*Appeal from the District Court of Sheridan County*
*The Honorable John G. Fenn, Judge*

*Representing Appellant:*
    Megan B. Golden, *pro se*.

*Representing Appellee:*
    Robert W. Brown and Amanda K. Roberts of Lonabaugh & Riggs, LLP, Sheridan, Wyoming.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**VOIGT, Justice.**

[¶1]   The appellant, Megan B. Golden  (Wife), appeals the  district court's  order regarding the  distribution of property following the divorce of the appellant and her former husband, the appellee, Todd A. Guion (Husband).   Wife argues that the district court abused its discretion when it divided the property contrary to the evidence presented at the trial and when it failed to consider the financial condition in which the parties were left after the divorce.  Husband claims that Wife's brief is riddled with procedural errors, with the fatal error being the omission of the trial transcript from the record.  We affirm and award Husband his costs and attorney's fees associated with this appeal.

## ISSUE

[¶2]   Did the district court abuse its discretion when it divided the property as it did in the divorce decree?

## FACTS

[¶3]   Due to the limited record available to this Court, the known facts are rather limited.  However, we do know that Husband and Wife were married in Pennsylvania in March 2007.  At some point in time thereafter, the couple moved to Sheridan, Wyoming, and purchased a marital home there.  On September 9, 2010, Wife filed a complaint for divorce.  On August 2, 2012, the district court granted Wife a divorce and distributed all of the property between Husband and Wife.  Wife now appeals the property distribution in the divorce decree.

## STANDARD OF REVIEW

[¶4]   We review the district court's division of marital property for an abuse of discretion.  *Sweat v. Sweat*, 2003 WY 82, ¶ 6, 72 P.3d 276, 278 (Wyo. 2003).  When conducting that analysis, we give considerable deference to the district court's findings because it is in the best position to assess witness credibility and weigh the evidence presented at the trial.  *Id*.  However, in this appeal, Wife has not provided this Court with a transcript of the district court proceedings with which we would determine the reasonableness of the district court's decision.

> When no transcript has been made of trial proceedings, this court accepts the trial court's findings as being the only basis for deciding the issues which pertain to the evidence. *Willowbrook Ranch, Inc. v. Nugget Exploration, Inc.*, 896 P.2d 769, 771 (Wyo. 1995); *Armstrong v. Pickett*, 865 P.2d 49, 50 (Wyo. 1993).  In the absence of anything to refute

1

them, we will sustain the trial court's findings, and we assume that the evidence presented was sufficient to support those findings. *Willowbrook Ranch, Inc. v. Nugget Exploration, Inc.*, 896 P.2d at 771; *Osborn v. Pine Mountain Ranch*, 766 P.2d 1165, 1167 (Wyo. 1989).

*Chancler v. Meredith*, 2004 WY 27, ¶ 5, 86 P.3d 841, 842 (Wyo. 2004) (quoting *G.C.I., Inc. v. Haught*, 7 P.3d 906, 911 (Wyo. 2000)).

## DISCUSSION

[¶5]   When an appeal has been filed, "[i]t is the appellant's burden to bring to us a complete record on which to base a decision." *Stadtfeld v. Stadtfeld*, 920 P.2d 662, 664 (Wyo. 1996).  Rule 3.02(b) of the Wyoming Rules of Appellate Procedure states in relevant part: "If an appellant intends to assert on appeal that a finding or conclusion is unsupported by the evidence or contrary to the evidence, appellant **shall** include in the record a transcript of all evidence relevant to such finding or conclusion." W.R.A.P. 3.02(b) (emphasis added).  Here, an official court reporter did record the divorce trial and proceedings before the district court, but Wife, who is the appellant in this matter, did not request that a transcript of the proceedings be prepared for this Court's review. Therefore, Wife has failed to comply with W.R.A.P. 3.02(b).

[¶6]   As we pointed out in *Stadtfeld*, "failure to provide a transcript of evidence does not necessarily require a dismissal of an appeal." *Stadtfeld*, 920 P.2d at 664 (quoting *In re Estate of Manning*, 646 P.2d 175, 176 (Wyo. 1982)).  However, our review is restricted to the allegations of error that do not require a review of the evidence presented before the district court that has been memorialized in the transcript. *Id*.  All of Wife's allegations question the reasonableness of the district court's decision regarding the property distribution after receiving evidence in the divorce trial.  As mentioned above, without a transcript to prove otherwise, we must assume that the evidence supported the district court's findings. *Id*.; *Chancler*, 2004 WY 27, ¶ 5, 86 P.3d at 842.  We cannot find that the district court abused its discretion.

[¶7]   Further, W.R.A.P. 10.05 states: "If the court certifies there was no reasonable cause for the appeal, a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case." W.R.A.P. 10.05.  Without a transcript or proper factual basis on which to base the appeal, we cannot certify that there was reasonable cause to bring the appeal. *Chancler*, 2004 WY 27, ¶ 8, 86 P.3d at 843; *Stadtfeld*, 920 P.2d at 664; *Nicholls v. Nicholls*, 721 P.2d 1103, 1106 (Wyo. 1986).  Husband shall submit a statement of costs and attorney's fees to this Court and, upon review, an appropriate award of costs and fees will be ordered by this Court.

## CONCLUSION

[¶8]    Wife has failed to comply with W.R.A.P. 3.02(b) by failing to provide this Court with a transcript of the district court proceedings.  Because this Court cannot review the evidence, we cannot find that the district court abused its discretion in how it divided the parties' property.  Further, because there was no transcript in the record, we cannot certify that there was reasonable cause to bring this appeal and we will award reasonable costs and attorney's fees to Husband pursuant to W.R.A.P. 10.05.