# IN THE SUPREME COURT, STATE OF WYOMING

# 2013 WY 71

## APRIL TERM, A.D. 2013

## June 6, 2013

LISA M. BARRETT-OLIVER, f/k/a LISA
M. QUAST,

Appellant
(Plaintiff),

v.                                                        S-12-0219

MICHAEL G. QUAST,

Appellee
(Defendant).

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*
Dameione S. Cameron of Cameron Law Office, P.C., Cheyenne, Wyoming.

*Representing Appellee:*
Laura J. Jackson of Jackson Law Firm, L.L.C., Cheyenne, Wyoming.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**VOIGT, Justice.**

[¶1]    Michael G. Quast, the appellee, petitioned the district court for modification of his child support payments.  At the hearing related to that petition, the appellee and Lisa M. Quast, the appellant, agreed that certain provisions related to the division of their children's college tuition and extracurricular expenses contained in their property settlement and divorce agreement were in need of clarification.  The district court modified the amount of child support owed by the appellee. Additionally, the district court determined that the appellant was voluntarily unemployed and imputed income to her for purposes of calculating the amount of income to attribute to each parent.  The district court also added limitations to the college and extracurricular expense provisions. The appellant now appeals those decisions.  We affirm.

## ISSUES

[¶2]    1.   Did the district court abuse its discretion by imputing income to the appellant?

2.   Did the district court abuse its discretion by modifying the terms of the Property Settlement and Child Custody Agreement?

## FACTS

[¶3]    The parties were married on June 25, 1988.  Before their divorce, they had five children.  On October 8, 2004, a Property Settlement and Child Custody Agreement was filed.  The parties agreed to joint legal custody of the children, with the mother receiving primary physical custody.

[¶4]    On September 1, 2009, the appellee filed a Petition for Modification of Child Support.  He argued that his child support payments should be reevaluated because the oldest child had reached the age of majority.  The appellant filed her counterclaim on October 15, 2009.  In it, she alleged that the appellee inconsistently complied with the terms of the agreement and requested the district court to order the appellee to share in the costs of the children's extracurricular activities, and that the parties share the children's medical expenses proportionate to the parties' income.  There was a hearing on the matter before the district court on September 20, 2011.  A court reporter was not present for the hearing, and no record of the hearing was preserved for appeal.

[¶5]    Based on the district court's decision letter, it appears the parties agreed that the presumptive child support should be recalculated based on the eldest child attaining the age of majority.  They did, however, disagree regarding the appropriate income to be attributed to each party.  Additionally, at the hearing, both parties expressed dissatisfaction with the wording of the following provisions contained in the property settlement agreement.

1

    **2.6**    <u>**College Plan.**</u>   Husband agrees to contribute to a minimum of half of each child's tuition and expenses.

    **2.7**    <u>**Miscellaneous expenses.**</u>  Husband and Wife agree to share equally with each paying 50%, all expenses related to the childrens' [sic] extracurricular activities, lessons and the like.

As indicated in the district court's decision letter, at the hearing the appellee expressed concern that he had no control over extracurricular expenses and that the college plan was too vague to be reasonable. It appears that the appellant agreed with the appellee to the extent that some of the provisions were vague, although she contended that the division of expenses related to extracurricular activities and medical care ought to be proportionate to the parties' relative income.

[¶6] On February 15, 2012, the district court issued a decision letter modifying the presumptive child support owed by the appellee based on four children under the age of majority. In determining the new presumptive child support, the district court imputed additional income to the appellant based on the appellant's own admission that she chose to remain unemployed. Additionally, because the parties were unable to agree on what qualified as legitimate extracurricular expenses, the district court limited the appellee's reimbursement to the appellant for such expenses to a maximum of $225 per month. Likewise, although the parties agreed that the college and miscellaneous expense provisions ought to be more specific, they did not provide the district court with guidance as to how it should be clarified. In response, the district court amended that provision so that the appellee would

    be responsible for one half of each child's tuition and expenses to attend college subject to the limitations that:

    1.)   The child remains continuously enrolled as a full-time student.
    2.)   That the obligation is for four (4) years or eight (8) semesters, maximum, regardless of whether a degree is achieved.
    3.)   That it will be at an in-state school or computed based on in-state tuition.
    4.)   That the obligation terminates, regardless of what semester the child is in, when the child turns twenty-four (24) years of age.

[¶7]    The appellant now appeals these alterations to the Property Settlement and Child Custody Agreement as well as the district court's decision to impute income to her in determining the presumptive child support.

## DISCUSSION

### *Did the district court abuse its discretion by imputing income to the appellant?*

[¶8]    Matters concerning child support, including decisions to impute income, are left to the discretion of the district court. *Durham v. Durham*, 2003 WY 95, ¶ 8, 74 P.3d 1230, 1233 (Wyo. 2003).

[¶9]    The appellant does not deny that she has chosen to remain unemployed. Instead, the appellant contends that the district court did not consider all of the following statutory factors in determining the appellant's potential earning capacity:

> (b)   A court may deviate from the presumptive child support established by W.S. 20-2-304 upon a specific finding that the application of the presumptive child support would be unjust or inappropriate in that particular case. In any case where the court has deviated from the presumptive child support, the reasons therefor shall be specifically set forth fully in the order or decree. In determining whether to deviate from the presumptive child support established by W.S. 20-2-304, the court shall consider the following factors:
>
> . . . .
>
> (xi)  Whether either parent is voluntarily unemployed or underemployed. In such case the child support shall be computed based upon the potential earning capacity (imputed income) of the unemployed or underemployed parent. In making that determination the court shall consider:
>
> (A)  Prior employment experience and history;
>
> (B) Educational level and whether additional education would make the parent more self-sufficient or significantly increase the parent's income;

3

(C) The presence of children of the marriage in the parent's home and its impact on the earnings of that parent;

(D) Availability of employment for which the parent is qualified;

(E) Prevailing wage rates in the local area;

(F) Special skills or training; and

(G) Whether the parent is realistically able to earn imputed income.

Wyo. Stat. Ann. § 20-2-307(b) (LexisNexis 2011).

[¶10] The appellant relies upon *Durham* to support her contention that the district court failed to consider sufficient evidence to determine her earning capacity. In *Durham*, this Court held that the district court abused its discretion by failing to consider evidence regarding availability of employment and the prevailing wage rates for such employment. 2003 WY 95, ¶ 12, 74 P.3d at 1234. In making that determination, however, this Court relied upon the record as provided by the appellant.

> We agree with mother that the district court's decision is not supported by the record. While the record does include evidence of mother's employment history and education level, it does not include any evidence regarding availability of employment and prevailing wage rates in the local area. Thus, while it is true that mother has a degree in business administration and that she earned $35,000 in Virginia in 1992, the district court record includes nothing to support the proposition that mother is realistically able to earn, in the Gillette area, the income imputed to her.

*Id*. In this appeal, this Court has not been provided with a transcript from the hearing on the petition to modify child support. Although this failure does not automatically require dismissal of the appeal, we must defer to the district court's findings.

> When no transcript has been made of trial proceedings, this court accepts the trial court's findings as being the only basis for deciding the issues which pertain to the evidence. *Willowbrook Ranch, Inc. v. Nugget Exploration, Inc.*, 896 P.2d 769, 771 (Wyo. 1995); *Armstrong v. Pickett*, 865 P.2d

4

49, 50 (Wyo. 1993). In the absence of anything to refute them, we will sustain the trial court's findings, and we assume that the evidence presented was sufficient to support those findings. *Willowbrook Ranch, Inc. v. Nugget Exploration, Inc.*, 896 P.2d at 771; *Osborn v. Pine Mountain Ranch*, 766 P.2d 1165, 1167 (Wyo. 1989).

*Golden v. Guion*, 2013 WY 45, ¶ 4, 299 P.3d 95, 96 (Wyo. 2013) (quoting *Chancler v. Meredith*, 2004 WY 27, 86 P.3d 841, 842 (Wyo. 2004)). While the appellant states that the district court did not consider sufficient evidence in its determination of her earning capacity, she does not offer evidence that would refute the district court's decision. Additionally, without knowing what took place at the hearing, we cannot determine what the district court considered in making its decision. "[O]ur review is restricted to the allegations of error that do not require a review of the evidence presented before the district court that has been memorialized in the transcript." *Golden*, 2013 WY 45, ¶ 6, 299 P.3d at 97. In the absence of a record of evidence indicating otherwise, we cannot find that the district court abused its discretion.

### Did the district court abuse its discretion by modifying the terms of the Property Settlement and Child Custody Agreement?

[¶11] The parties disagree over the appropriate standard of review for this issue. The appellant contends that this is a matter of contractual interpretation and should be reviewed *de novo*. On the other hand, the appellee argues that issues regarding child support are reviewed for an abuse of discretion. Although not much is known of what happened below, it appears that the parties came before the district court for a hearing on the appellee's petition to modify child support. At that time, the parties agreed that the terms of the college and miscellaneous expense provisions were inadequate and ought to be clarified. In weighing the evidence presented at the hearing, the district court acted within its discretion by modifying the terms of the provisions at the request of the parties.

[¶12] We cannot determine that the district court abused its discretion without a review of the evidence presented below. *Thomas v. Thomas*, 983 P.2d 717, 721 (Wyo. 1999). The burden is on the appellant to provide this Court with a complete record. *Id*. In the alternative, the appealing party may present a settlement of the record as provided by W.R.A.P. 3.02(b). *Id*. The appellant did neither. On appeal, the appellant argues that the provisions were unambiguous and were improperly altered by the district court. Without the transcript to show otherwise, this argument would seem to contradict the district court's finding that the parties agreed that the pertinent provisions were in need of clarification. We must assume that the evidence supported the district court's findings. *Golden*, 2013 WY 45, ¶ 6, 299 P.3d at 97. The appellant is unable to show that the district court abused its discretion.

**CONCLUSION**

[¶13]  The appellant contends that the district court improperly imputed income to her in determining the new level of presumptive child support owed by the appellee and improperly modified provisions governing college tuition and extracurricular expenses contained in the property settlement and divorce agreement.  The record on appeal lacks a transcript from the district court's hearing on these issues.  Without the transcript, we must accept as true the district court's evidentiary findings.  The appellant was unable to show that the district court abused its discretion.