# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 136

OCTOBER TERM, A.D. 2013

October 31, 2013

JUDY E. BREDTHAUER,

Appellant
(Plaintiff),

v.                                                          S-13-0114

DAVID J. BREDTHAUER,

Appellee
(Defendant).

*Appeal from the District Court of Goshen County*
*The Honorable David B. Park, Judge*

*Representing Appellant:*
    W. Keith Goody of Cougar, Washington.

*Representing Appellee:*
    James A. Eddington of Jones & Eddington Law Offices, Torrington, Wyoming.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**VOIGT**, **Justice**.

[¶1]    The appellant and her husband sought a divorce and the matter proceeded to trial. Neither party timely requested the official court reporter to report and transcribe the proceeding pursuant to Rule 904 of the Uniform Rules for District Courts. Consequently, the official court reporter was unavailable for trial. Although the parties arranged for alternative court reporters to attend, the district court would not permit any resulting transcript to be considered an official transcript. The trial was held without a court reporter present, a divorce decree later issued, and this appeal followed. The appellant challenges the divorce decree and order denying her motion for a new trial, arguing that the district court erred by refusing to allow the trial proceedings to be transcribed by an unofficial court reporter. We find the district court abused its discretion in refusing to allow the appellant to use a substitute reporter to transcribe the proceedings and prepare an official transcript, but affirm because the appellant was not prejudiced by the ruling.

## ISSUE

[¶2]    Did the district court abuse its discretion by not permitting an unofficial court reporter to prepare an official transcript after the appellant did not timely notify the official court reporter of the proceeding as required under Rule 904 of the Uniform Rules for District Courts?

## FACTS

[¶3]    Appellant filed a complaint for divorce and a one-day trial was held. However, the parties neglected timely to request the presence of the official court reporter as prescribed by Rule 904 of the Uniform Rules for District Courts. Approximately two days before trial, the parties realized this oversight and contacted the official court reporter, who by this time was unavailable to attend the trial. The parties then sought out another district court judge's court reporter as well as an independent court reporter, both of whom were available to report and transcribe the trial.

[¶4]    On the day of trial, a brief pre-trial conference was held, during which the district court informed the parties that its official court reporter was unavailable. The district court told the parties that, although it would not prohibit an unofficial court reporter from reporting the trial, if an unofficial reporter "transcribed the proceedings, any resulting transcript would not be the official court transcript and could not be used for official purposes, such as an appeal."[1] The court reasoned that counsel could not "in effect, make an end-run around the notice requirements of U.R.D.C. 904 by hiring an outside reporter." The parties proceeded to trial without a court reporter present.

---

[1] According to the appellant's trial counsel, the district court told the parties that they "would not be permitted to have either of the court reporters report the trial."

1

[¶5]   Several months later, the district court entered a decree of divorce based upon stipulated facts and exhibits.   Pursuant to W.R.C.P. 59(a), the appellant then filed a motion for new trial based on the issue concerning the court reporter.[2]   The district court denied the motion, concluding:

> 6. The lack of an official transcript of the trial does not affect the parties' ability to file an appeal in this matter for the following reasons:
>
>    a) the parties stipulated to all pertinent facts, including places and dates where the parties have resided, either together or apart, the dates and purchase[] prices of all real property acquired by the parties, and values of all personal property acquired by the parties;
>
>    b) the parties also stipulated to all exhibits that were introduced into evidence;
>
>    c) the disagreement between the parties was as to the conclusions to be drawn from the facts;
>
>    d) the Court set out the basis for its decision in detail in the Decision Letters dated August 21, 2012 and December 17, 2012;
>
>    e) therefore the record of this matter, although not reported, is very complete and presents an adequate basis for review; and finally
>
>    f) the parties could prepare a statement of evidence pursuant to Rule 3.03 of the Rules of Appellate Procedure.

The appellant now appeals, challenging the decree of divorce and denial of her motion for new trial.[3]

---

[2] The appellant also filed a motion for change of judge, which was denied.

[3] The appellee raises additional arguments in his response brief, including whether (1) the appellant waived a claim of error by failing to avail herself of the relief afforded in W.R.A.P. 3.03; and (2) the appeal lacks reasonable cause, thus attorney fees should be awarded.  Because we find the district court abused its discretion, we need not address the appellee's ancillary arguments.  *See Hall v. Perry*, 2009 WY 83, ¶ 3 n.1, 211 P.3d 489, 490 n.1 (Wyo. 2009).

## STANDARD OF REVIEW

[¶6]  The district court's decision to grant a new trial is discretionary. *Lake v. D & L Langley Trucking, Inc.*, 2010 WY 75, ¶ 9, 233 P.3d 589, 592 (Wyo. 2010).  Similarly, we review the district court's decision to waive the notice requirement set forth in Rule 904 of the Uniform Rules for District Courts for an abuse of discretion. *Jones v. Artery*, 2012 WY 63, ¶ 8, 275 P.3d 1244, 1247 (Wyo. 2012).  A district court abuses its discretion when, under the circumstances, it acts in a manner that exceeds the bounds of reason. *Bourke v. Grey Wolf Drilling Co., LP*, 2013 WY 93, ¶ 14, 305 P.3d 1164, 1167 (Wyo. 2013).  Even if a district court abused its discretion, however, we must also determine whether the error was prejudicial. *Glenn v. Union Pac. R.R. Co.*, 2011 WY 126, ¶ 12, 262 P.3d 177, 182 (Wyo. 2011).

## DISCUSSION

[¶7]  When parties wish to have a particular matter before the district court reported and transcribed by the official court reporter, the procedures set forth in Rule 904 of the Uniform Rules for District Courts control.[4]  That rule requires "[a]ny party requesting the reporting of a particular matter by the official court reporter shall provide notice to the official court reporter at least three working days before the matter is set for hearing." U.R.D.C. 904.  However the "three-day notice requirements can be waived by the court." *Id.*  And when an

> official court reporter [is] unable to attend to his [or her] official duties from any cause at any time, the judge of the district court in each judicial district in this state, when the trial of cases required to be reported necessitates it, is authorized and empowered to obtain a suitable and competent person as substitute for such official court reporter, during such disability.

Wyo. Stat. Ann. § 5-3-412 (LexisNexis 2013).

[¶8]  While we have made clear that "[p]ursuant to Rule 904 . . . a party . . . must give notice to the official court reporter three days in advance of the hearing," *Welch v. Welch*,

---

[4] An official court reporter is defined under Wyo. Stat. Ann. § 5-3-401 (LexisNexis 2013):

> The office of official court reporter for each judge of each judicial district in the state of Wyoming is hereby created and each judge of each judicial district in the state of Wyoming is hereby required and empowered to appoint one (1) court reporter for his district, whose term of office shall be during the pleasure of the judge making such appointment and until their successor is appointed and qualified.

2003 WY 168, ¶ 11, 81 P.3d 937, 939 (Wyo. 2003), there has not been an occasion to examine when it is appropriate for a district court to use its discretion and waive said requirement. In the instant case, we find the district court abused its discretion. The purpose of the rule is for the convenience of the official court reporter, not to prevent a party from having a proceeding reported. Our review of the record reveals no reason for the district court's prohibition. The parties did not wait until trial to address the issue; rather, they took steps days before to mitigate the situation. According to the appellant's trial counsel, approximately two or three days before trial, this oversight was discovered and the official court reporter was immediately contacted. When the official court reporter indicated that she would not be available, the parties made arrangements to have another district court judge's reporter and an independent court reporter ready to attend the proceeding.[5] Under the circumstances, there would have been no harm done to the official court reporter by allowing a substitute reporter to attend the trial and prepare the official transcript.

[¶9] Although we find the district court abused its discretion, the error was not prejudicial. As the district court outlined in its order denying the motion for new trial, the trial transcript is unnecessary for appellate review because the parties stipulated to all pertinent facts and exhibits upon which the district court made detailed findings in its decision letters.[6] *See Reynolds v. State*, 2012 WY 120, ¶ 17, 284 P.3d 823, 827 (Wyo. 2012) ("[A] defect in the record will not result in reversal if the existing record is sufficient to review an alleged error.") Indeed, the appellant's briefing is devoid of any argument attempting to challenge the district court's reasoning as to why the appellant was not prejudiced. We therefore view any deficiency in the record due to the omission of a trial transcript as harmless error. *See* W.R.A.P. 9.04 (reviewing court disregards any error, defect, irregularity or variance which does not affect substantial rights); *see also Clark v. Gale*, 966 P.2d 431, 435 (Wyo. 1998) ("Our court rules and case law direct us to disregard errors that are harmless and do not affect the parties' substantial rights.").

## CONCLUSION

[¶10] The district court abused its discretion in refusing to allow the appellant to use a substitute court reporter to transcribe the proceedings and prepare an official transcript, but we affirm because the appellant was not prejudiced by the ruling.

---

[5] The appellant's trial counsel was willing personally to pay for the independent court reporter.

[6] We note the district court's decisions letters were not designated by the appellant and made part of the record on appeal. *See Golden v. Guion*, 2013 WY 45, ¶ 5, 299 P.3d 95, 96 (Wyo. 2013) ("When an appeal has been filed, '[i]t is the appellant's burden to bring to us a complete record on which to base a decision.'"). Without the ability to review the decision letters, we must assume that the evidence supported the district court's findings. *Id.* at ¶ 6, at 97.