# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 6

OCTOBER TERM, A.D. 2014

*January 8, 2015*

COREY A. KNEZOVICH,

**Appellant**
**(Defendant),**

v.                                                                 S-14-0136

JENNIFER KNEZOVICH,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Sweetwater County*
*The Honorable Nena James, Judge*

*Representing Appellant:*
    Rob Hiatt Jr., Attorney at Law, Rock Springs, Wyoming

*Representing Appellee:*
    No appearance

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, Justice.

[¶1]    Appellant Corey Knezovich challenges an order modifying his child support obligation.  He contends the district court erred in calculating Appellee Mother's income and that it should not have made his changed support obligation retroactive.  We affirm.

## ISSUES

[¶2]    1.    Did the district court abuse its discretion in determining Mother's income and net income as defined by Wyo. Stat. Ann. § 20-2-301 *et seq.* (LexisNexis 2013)?[1]

        2.    Did the district court abuse its discretion in making Appellant's child support obligation retroactive as provided for under Wyo. Stat. Ann. § 20-2-311(d)(ii) (LexisNexis 2013)?

## FACTS

[¶3]    In the parties' divorce in 2004, Mother was awarded primary custody of the parties' son and Appellant was awarded visitation and ordered to pay $400.00 per month in child support.  In June 2011, Appellant filed a petition to modify custody.  Mother answered and counter-petitioned for, *inter alia*, a modification of child support.

[¶4]    The district court held a number of hearings, including a final hearing in August 2013.  Prior to that hearing, the parties resolved custody and visitation issues (apparently with no change in either), leaving only Appellant's child support obligation and medical expense reimbursement for the district court to resolve.

[¶5]    At the final hearing, the district court heard the testimony of the parties, considered documentary evidence they submitted, and entertained the arguments of counsel.  It then issued a decision letter, which states in pertinent part:

> With regard to the net income of [Mother] for child support purposes, I disagree with both parties and find that $2,100.00 should be imputed to her.  Without even getting into the question of legitimate business deductions, that figure is justified on the basis of voluntary underemployment.  Quite simply, she quit her job with Southwest Counseling where she earned approximately $2,500.00 per month in order to start her own photography business.  According to Plaintiff's Exhibit E, she had a net monthly income of approximately

---

[1] Throughout his brief, Appellant cites to Wyo. Stat. Ann. § 20-6-301 *et seq*.  These statutes were amended and renumbered in 2000 as § 20-2-301 *et seq*.  *See* 2000 Wyo. Sess. Laws, ch. 34 §§ 1, 2.

$2,100.00. If her net monthly income is less than $2,100.00 now, it is by her choice and she is capable of earning that amount now.

. . .

It is customary for modified child support to be retroactive to the pleading which put the adverse party on notice of the requested modification. Both parties requested modification of the child support obligation in early June, 2011. Having found no basis for a deviation in that practice under the circumstances of this case, the modified child support shall be retroactive to June, 2011.

[¶6] The district court's *Order Modifying Child Support and Order Upon Medical Expenses and Back Support* (*Order*) repeated that "it appears that [Mother] is voluntarily underemployed" and the order imputed income to her consistent with the *Decision Letter*. The district court found Appellant's monthly support obligation to be $880.44. It also ruled that he owed retroactive child support for twenty-seven months, which began in June of 2011, for a total amount of $12,971.88, but it allowed him to pay the arrearage at the rate of $100 per month.[2]

## STANDARD OF REVIEW

[¶7] Matters concerning child support are left to the discretion of the district court. *Barrett-Oliver v. Quast*, 2013 WY 71, ¶ 8, 302 P.3d 909, 911 (Wyo. 2013); *Ready v. Ready*, 2003 WY 121, ¶ 20, 76 P.3d 836, 841 (Wyo. 2003).

## DISCUSSION

[¶8] Appellant presents two issues, both of which would require us to review the transcript of the child support modification hearing and relevant exhibits, such as Mother's financial statements. Unfortunately, no transcript, relevant exhibits or settled statement of the evidence has been made part of the record on appeal, and thus there is nothing upon which we may evaluate the district court's decisions. *See* W.R.A.P. 3.02, 3.03, 3.05; *see also Arnold v. Day*, 2007 WY 86, ¶ 9, 158 P.3d 694, 697 (Wyo. 2007) ("The record on appeal is fundamental to the exercise of appellate review because this court does not act as a fact finder." (internal quotation marks and citation omitted)). As we have plainly explained:

---

[2] The district court also ordered Appellant to reimburse Mother for the child's uncovered medical expenses, but Appellant does not challenge that portion of the *Order*.

2

When this Court does not have a properly authenticated transcript before it, it must accept the trial court's findings of fact upon which it bases any decisions regarding evidentiary issues. The failure to provide a transcript does not necessarily require dismissal of an appeal, but our review is restricted to those allegations of error not requiring inspection of the transcript. Lacking a transcript, or a substitute for the transcript, the regularity of the trial court's judgment and the competency of the evidence upon which that judgment is based must be presumed.

*Lykins v. Habitat for Humanity*, 2010 WY 118, ¶ 11, 237 P.3d 405, 408 (Wyo. 2010) (citations omitted); *see also Barrett-Oliver*, ¶ 10, 302 P.3d at 912 ("In the absence of a record of evidence indicating otherwise, we cannot find that the district court abused its discretion.").

[¶9]    The Appellant had the burden of bringing this Court a record sufficient to permit review of the issues he raises.  *Long v. Marlin Oil Co.*, LLC, 2009 WY 97, ¶ 2, 214 P.3d 222, 222 (Wyo. 2009); *Beeman v. Beeman*, 2005 WY 45, ¶ 10, 109 P.3d 548, 551 (Wyo. 2005).  Because he did not do so, we assume the district court's orders and rulings were correct.[3]  *Martin v. DeWitt*, 2014 WY 112, ¶ 5, 334 P.3d 123, 126 (Wyo. 2014); *Golden v. Guion*, 2013 WY 45, ¶ 6, 299 P.3d 95, 97 (Wyo. 2013).  Accordingly, we will summarily affirm the district court's ruling.  *Call v. Town of Thayne*, 2012 WY 149, ¶¶ 13-16, 288 P.3d 1214, 1217 (Wyo. 2012); *Long*, ¶ 4, 214 P.3d at 222.

[¶10]  Affirmed.

---

[3] Appellant argues that the district court erred in finding that it is customary to award child support retroactively to the date the petition seeking modification was served on the obligee.  However, he acknowledges that the court had authority to require retroactive payment under Wyo. Stat. Ann. § 20-2-311(d)(ii).  We are not therefore asked to find that the district court failed to follow the law, but rather to find in substance that it abused its discretion in awarding increased support retroactively, which we cannot do on the limited record provided.  *C.f. Walker v. Walker*, 2013 WY 132, ¶ 46, 311 P.3d 170, 180 (Wyo. 2013) (child support calculation incorrect as a matter of law based on findings in order).