# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 118

**OCTOBER TERM, A.D. 2024**

**November 19, 2024**

LEON VAN BUREN FREER,

Appellant
(Plaintiff),

v.

S-24-0135

JACQUELINE R. FREER,

Appellee
(Defendant).

*Appeal from the District Court of Converse County*
*The Honorable F. Scott Peasley, Judge*

*Representing Appellant:*
    Leon Van Buren Freer, pro se.

*Representing Appellee:*
    Jacqueline R. Freer, pro se.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    Appellant Leon Van Buren Freer (Husband) challenges an order holding Appellee Jacqueline R. Freer (Wife) in contempt of court. The district court held Wife in contempt for some violations of the parties' divorce decree and denied other claims for contempt. Husband contends the district court abused its discretion when it failed to hold Wife in contempt for violations of divorce decree provisions related to the transfer of vehicles and other personal property. Husband alleges that the district court exhibited bias against him to his prejudice. Because no record was designated, we have no basis from which to review Husband's claims of abuse of discretion or bias and assume the district court's rulings are correct. We summarily affirm the district court's order pursuant to W.R.A.P. 9.06.[1]

## ISSUES

[¶2]    Husband asserts the district court abused its discretion when it did not hold Wife in contempt for failing to transfer vehicles and personal property to him and for failing to turn over keys to some of the vehicles awarded to him. He also maintains the district court abused its discretion when it did not require Wife to compensate Husband for a vehicle totaled in a hailstorm and that he was prejudiced by the district court's demonstrated bias against him.

## FACTS

[¶3]    In the parties' 2022 divorce decree, Wife was awarded sole legal custody and primary physical custody of the parties' three children. Husband was awarded visitation. The divorce decree distributed the parties' property, including personal property and numerous vehicles.

[¶4]    In March 2023, Husband filed a motion for an order to show cause why Wife should not be held in contempt of court. He argued Wife should be held in contempt for hampering his visitation with their two younger children and for withholding and failing to deliver certain vehicles and other personal property, including keys to vehicles. After a hearing, the district court ruled Wife was not in contempt regarding visitation. The district court denied Husband's claims of contempt with respect to the vehicles awarded to him. The district court held Wife in contempt for transferring Husband's toolbox to another and for failing to pay him $4,500 as his share of proceeds received from the sale of some equipment and a stimulus check. The district court ordered Wife to pay Husband $4,500. It affirmed the provision in the divorce decree requiring Wife to hold Husband harmless for any debt

---

[1] *See Knezovich v. Knezovich*, 2015 WY 6, ¶ 8, 340 P.3d 1034, 1036 (Wyo. 2015); *D'Anzi v. D'Anzi*, 2023 WY 1, ¶¶ 2, 9–10, 5 22 P.3d 642, 643–44 (Wyo. 2023); *Byrnes v. Harper*, 2019 WY 20, ¶ 2, 435 P.3d 364, 365 (Wyo. 2019); *Eaton v. State ex rel. Dep't of Workforce Servs.*, 2015 WY 107, ¶ 3, 356 P.3d 765, 766 (Wyo. 2015).

1

on the Dodge Journey totaled by hail but ordered no additional compensation to Husband for the loss of the vehicle. Husband appealed.

## *STANDARD OF REVIEW*

[¶5]  District courts have broad discretion under their contempt powers. *Shipley v. Smith*, 2024 WY 56, ¶ 10, 548 P.3d 996, 999 (Wyo. 2024). We review contempt orders for an abuse of discretion. *Id.* "This Court does not interfere with an order holding a party in civil contempt of court in a domestic relations case 'absent a serious procedural error, a violation of a principle of law, or a clear and grave abuse of discretion.'" *Evans v. Sharpe*, 2023 WY 55, ¶ 17, 530 P.3d 298, 305 (Wyo. 2023) (quoting *Heimer v. Heimer*, 2021 WY 97, ¶¶ 16–17, 494 P.3d 472, 477–78 (Wyo. 2021) and *Rigdon v. Rigdon*, 2018 WY 78, ¶ 14, 421 P.3d 1069, 1073–74 (Wyo. 2018)). "In reviewing the exercise of a district court's broad discretion under its contempt powers, we must determine whether the court reasonably could have concluded as it did." *Rigdon*, ¶ 14, 421 P.3d at 1073–74 (quoting *Waterbury v. Waterbury*, 2017 WY 11, ¶ 7, 388 P.3d 532, 534–35 (Wyo. 2017)).

## *DISCUSSION*

[¶6]  On appeal, Husband did not designate any part of the record before the district court. *See* W.R.A.P. 3.01(b) ("[t]he transmitted record shall consist of all portions of the record designated by the parties to the appeal for transmission to the appellate court"). Without a transcript, relevant exhibits, or a settled statement of evidence, we have no basis from which to review Husband's claims of abuse of discretion or bias. *See* W.R.A.P. 3.02, 3.03, 3.05; *see also Knezovich v. Knezovich*, 2015 WY 6, ¶ 8, 340 P.3d 1034, 1036 (Wyo. 2015); *Long v. Marlin Oil Co.*, 2009 WY 97, ¶ 2, 214 P.3d 222, 222 (Wyo. 2009); *Arnold v. Day*, 2007 WY 86, ¶ 9, 158 P.3d 694, 697 (Wyo. 2007).

[¶7]  Husband bears the burden of bringing a complete record to this Court for review. *Arnold*, ¶ 9, 158 P.3d at 697; *see also Knezovich*, ¶ 8, 340 P.3d at 1036 (citing cases). "A record that reveals neither what the evidence was on a particular issue, nor whether the district court considered that evidence, does not meet that burden." *Beeman v. Beeman*, 2005 WY 45, ¶ 12, 109 P.3d 548, 552 (Wyo. 2005). Where a proper record is not provided, we assume the district court's orders and rulings are correct. *Knezovich*, ¶ 8, 340 P.3d at 1036; *Martin v. DeWitt*, 2014 WY 112, ¶ 5, 334 P.3d 123, 126 (Wyo. 2014). We summarily affirm the district court's ruling. *Knezovich*, ¶ 8, 340 P.3d at 1036; *Long*, ¶ 2, 214 P.3d at 222.

[¶8]  Affirmed.