# THE SUPREME COURT, STATE OF WYOMING

# 2025 WY 57

APRIL TERM, A.D. 2025

May 23, 2025

SAMUEL J. TILDEN,

Appellant (Plaintiff),

v.

S-24-0241

LINDA J. JACKSON,

Appellee (Defendant).

*Appeal from the District Court of Park County*
*The Honorable Bobbi Dean Overfield, Judge*

*Representing Appellant:*
Colin M. Simpson and David M. Hill of BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., Cody, Wyoming. Argument by Mr. Hill.

*Representing Appellee:*
Andrea L. Earhart of McCarty, Reed and Earhart, Attorneys at Law, L.C., Cody Wyoming. Argument by Ms. Earhart.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FENN, Justice.**

[¶1] Samuel Tilden filed a complaint against his neighbor, Linda Jackson, seeking a declaration of an implied easement over Ms. Jackson's property, or in the alternative for the establishment of a private road under Wyoming Statute § 24-9-101 (LexisNexis 2021). The district court entered summary judgment denying establishment of a private road, and following a bench trial, it denied an implied easement over Ms. Jackson's property. Mr. Tilden appeals the denial of a private road and the implied easement. We affirm.

## ISSUES

[¶2]  Mr. Tilden presents two issues on appeal, which we rephrase as follows:

> I. Did the district court err when it granted summary judgment in favor of Ms. Jackson on Mr. Tilden's claim to establish a private road pursuant to Wyoming Statute § 249-101?
>
> II. Did the district court err when it found Mr. Tilden failed to establish an implied easement across Ms. Jackson's property?

## FACTS

[¶3] In 1996, Samuel Tilden purchased the real property at issue. He divided the real property in 2010 and sold 23 acres to Linda Jackson and her late husband. Mr. Tilden retained ownership of the property to the north, south, and west of the 23-acre parcel sold to Ms. Jackson. Mr. Tilden lived in a residence on a portion of the property he retained. In 2021, he sold his residence and the land to the west and south of Ms. Jackson's property. In the 2021 sale, Mr. Tilden retained the portion of the real property to the north of Ms. Jackson's property, which consisted of 2.64 acres (Subject Property).

[¶4] The Subject Property has a county road that runs directly through it. The county road follows a steep hillside with a 60-foot drop. Below the hillside is a portion of the Subject Property that sits along the Southfork of the Shoshone River and contains a flat meadow. The only access to the lower portion of the Subject Property near the river is a game trail that is very steep and does not provide a path for an automobile or all-terrain vehicle. Mr. Tilden kept ownership of the Subject Property "[b]ecause it gave [him] access to [his] prize fishing hole." Prior to when Mr. Tilden severed his land, he and his family accessed the lower portion of the Subject Property through a two-track road on Ms. Jackson's property to fish, ice skate, ride horses, or walk their dogs.

1

[¶5] After Mr. Tilden sold his residence in 2021, he rented a cabin from Ms. Jackson and moved onto her 23-acre property. Around this same time, Mr. Tilden built a corral and moved his six horses onto the lower portion of the Subject Property. While renting the cabin from Ms. Jackson, Mr. Tilden utilized the two-track road on Ms. Jackson's property to access the lower portion of the Subject Property. The two-track road became more predominant as Mr. Tilden used the road to feed his horses.

[¶6] In January 2022, Mr. Tilden moved out of Ms. Jackson's cabin and needed a place to live. He wanted to build a cabin on the lower portion of the Subject Property. He offered to purchase Ms. Jackson's 23-acre property, but Ms. Jackson declined to sell her property to him. At some point, Ms. Jackson notified Mr. Tilden she did not want him crossing her property to access the lower portion of the Subject Property.

[¶7] Five months after Mr. Tilden moved out of Ms. Jackson's cabin, in June 2022, he filed a complaint for declaration of an implied easement or in the alternative establishment of a private road across Ms. Jackson's property to access the lower portion of the Subject Property. Ms. Jackson filed for summary judgment on both causes of action. Following a hearing, the district court granted summary judgment in favor of Ms. Jackson on Mr. Tilden's private road claim. However, the district court found material questions of fact existed with respect to the claim for an implied easement. Accordingly, the district court denied summary judgment on the implied easement claim.

[¶8] On April 24, 2024, the district court held a one-day bench trial. The district court found Mr. Tilden's use of the contested easement across Ms. Jackson's property "was not apparent, obvious, and continuous at the time of severance or for many years thereafter[,]" and "the nature of [Mr. Tilden's] use . . . was not so clear as to offset the decreased necessity for the contested easement." Accordingly, the district court denied Mr. Tilden's claim for an implied easement. Mr. Tilden timely appealed.

## DISCUSSION

[¶9]   Mr. Tilden argues the district court erred by granting summary judgment in favor of Ms. Jackson on his action for a private road across Ms. Jackson's property. He also claims the district court erred when it denied his request to establish an implied easement across Ms. Jackson's property. We address each argument in turn.

> ### I. The district court did not err when it entered summary judgment in favor of Ms. Jackson on Mr. Tilden's claim to establish a private road pursuant to Wyoming Statute § 24-9-101.

[¶10] Mr. Tilden sought to establish a private road across Ms. Jackson's land from the point where a county road ends to the lower portion of the Subject Property. The district court entered summary judgment denying the establishment of a private road. It found: [B]ecause [Mr. Tilden] has direct access or a legally enforceable connection to his property with a public road, County Road 6NS, his property is not landlocked under the language of the private road statute. The private road [Mr. Tilden] requests is not necessary to connect his property with a public road nor is he "entitled to another way as a way of necessity." *McIlquham [v. Anthony Wilkinson Live Stock Co.]*, 104 P. [20,] 22 [(Wyo. 1909)]; *see also McGuire v. McGuire*,

> 608 P.2d 1278, 1286 (Wyo. 1980) ("In our view, the word "necessary" in the statute refers only to the lack of the type of outlet we have described to a "convenient" public road."). As much as Plaintiff desires another connection to a separate area of his property, it is reiterated that a private road has never been approved "simply on the basis that it would be more convenient to the applicant than another already existing means of access." *Thornock v. Esterholdt*, 2016 WY 63, ¶ 18, 375 P.3d 750, 755 (Wyo. 2016) (quoting *In re Price Family Trust*, 2014 WY 162, ¶ 28, 340 P.3d 1002, 1012 (Wyo. 2014)).

[¶11] On appeal, Mr. Tilden claims the district court erred in granting summary judgment because it failed to consider his lack of a convenient and reasonable access due to a natural barrier. He claims the district court should have denied summary judgment on his private road action because there were issues of material fact as to convenient and reasonable access.

[¶12] The district court's decision to grant summary judgment on a private road action "is proper only when there are no genuine issues of material fact and the prevailing party is entitled to judgment as a matter of law." *Hulse v. First Am. Title Co. of Crook Cnty.*, 2001 WY 95, ¶ 25, 33 P.3d 122, 131 (Wyo. 2001). "A material fact is one that would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties." *Colton v. Town of Dubois*, 2022 WY 138, ¶ 10, 519 P.3d 976, 979 (Wyo. 2022) (quoting *Spence v. Sloan*, 2022 WY 96, ¶ 22, 515 P.3d 572, 579 (Wyo. 2022)). We review the district court's decision de novo and afford no deference to the district court. *Id.* We review a summary judgment by reviewing the same materials and using the same legal standard as the district court. *Id.* "We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record." *Hulse*, ¶ 25, 33 P.3d at 131.

[¶13] The Wyoming Constitution prohibits the taking of private property for private uses without consent of the owner "except for private ways of necessity." Wyo. Const. art. 1, §

3

32. Wyoming Statute § 24-9-101(a) provides in pertinent part: "Any person whose land has no outlet to, nor connection with a public road, may commence an action in district court in any county in which any part of the land is located for a private road leading from his land to some convenient public road." The district court must hold a hearing to determine "whether . . . access is necessary because the plaintiff has no legally enforceable access." Wyo. Stat. Ann. § 24-9-101(h). The landowner seeking the establishment of a private road through the taking of private property is required to "make a threshold showing that the road is a necessity." *Thornock*, 2016 WY 63, ¶ 16, 375 P.3d at 755. "To establish the requisite necessity, a private road applicant must show that his property is landlocked, that is that the property 'has no legally enforceable means of access to a public road.'" *Id.* at ¶ 17, 375 P.3d at 755 (quoting *Altaffer v. Cross*, 2013 WY 79, ¶ 9, 304 P.3d 932, 935 (Wyo. 2013)). "[I]f a landowner has direct access to a 'public road'. . . a private road is not necessary." *Id.* (quoting *Reidy v. Stratton Sheep Co.*, 2006 WY 69, ¶ 24, 135 P.3d 598, 607 (Wyo. 2006)). However, we have said "[t]he necessity inquiry does not end with a finding of access to a public road." *Id.* at ¶ 18, 375 P.3d at 755. We also inquire into the convenience of using the available public road. *Id.* The landowner seeking a private road despite public road access must show a substantial inconvenience. *Id.*

[¶14] Here, Mr. Tilden admits a county road crosses through a portion of the Subject Property. However, he claims the county road "does not provide any access to the eastern portion of [the Subject Property] which is blocked by a steep, 55–60-foot natural forming drop-off." In *Thornock v. Esterholdt*, we declined to address whether a natural barrier that exists on the applicant's own land meets the requisite necessity to establish the requested private road. *Id.* at ¶ 36, 375 P.3d at 759–60. In that case, the plaintiff's land consisted of two larger parcels, a northern and southern parcel, connected by a narrow strip of land. *Id.* at ¶ 5, 375 P.3d at 752–53. The plaintiff sought a private road to access his northern parcel and claimed the terrain of the strip of land connecting his northern and southern parcel made construction of a road on that strip of land impractical and unreasonably costly. *Id.* at ¶ 8, 375 P.3d at 753. We declined to address whether a natural barrier existing on the applicant's own land met the necessity requirement because plaintiff's parcel had access to a public road that ran between the northern and southern parcels. *Id.* at ¶ 23, 375 P.3d at 756. Our conclusion was not altered by the fact the plaintiff needed to obtain a permit to use portions of the road for commercial purposes. *Id.* at ¶¶ 23, 27–36, 375 P.3d at 756–59. We held the private road "statute is 'an expression of public policy against landlocking property and rendering it useless.'" *Id.* at ¶ 35, 375 P.3d at 759 (quoting *In re Crago*, 2007 WY 158, ¶ 17, 168 P.3d 845, 855 (Wyo. 2007)). The statute constitutionally "allows the taking of private property to protect against landlocking, not to improve the marketability of the road applicant's land." *Id.*

[¶15] Unlike the land in *Thornock*, the Subject Property consists of one parcel of land that Mr. Tilden readily admits "has a legally enforceable connection to" a county road. Mr. Tilden's parcel is not landlocked. He does not assert accessing the Subject Property by this

4

county road would be substantially inconvenient. *See Thornock*, ¶ 18, 375 P.3d at 755. Instead, Mr. Tilden seeks a private road so he can build a cabin on a portion of his property that is not readily accessible due to a natural barrier on his own property. This is not the type of necessity requiring establishment of a road through the taking of private property as contemplated by the private road statute or the Wyoming Constitution. To take land for private roads there needs to be some type of necessity where the landowner has no access to his or her property except over the lands of others. 72 C.J.S. *Private Roads* § 6. Mr. Tilden's parcel is not landlocked with no other means of access except by establishing a private road over Ms. Jackson's land. The district court did not err when it granted summary judgment in favor of Ms. Jackson and denied establishment of a private road because Mr. Tilden had a means of legally enforceable access. *See Farris Const. Co., Inc. v. 3032 Briarcliff Rd. Assocs. Ltd.*, 277 S.E.2d 673, 675 (Ga. 1981) (finding the contention appellant had no access to the rear of his property except through the appellee's property is not a circumstance giving a way of necessity over another's land).

## II. The district court did not err when it found Mr. Tilden was not entitled to an implied easement across Ms. Jackson's property.

[¶16] In his second issue, Mr. Tilden argues the district court erred by declining to find he had an implied easement over Ms. Jackson's property to access the lower portion of the Subject Property. He claims the easement was necessary and beneficial for the use of his property. He claims the district court erred when it only considered evidence of his use of the proposed easement prior to when he sold Ms. Jackson her current property and it should have considered his uses at the time he sought the implied easement.

[¶17] "Wyoming will recognize an implied easement across another person's property under certain circumstances." *Hansuld v. Lariat Diesel Corp.* (*Hansuld II*), 2010 WY 160, ¶ 10, 245 P.3d 293, 298 (Wyo. 2010); *Hansuld v. Lariat Diesel Corp.* (*Hansuld I*), 2003 WY 165, ¶ 15, 81 P.3d 215, 218 (Wyo. 2003). "An easement is a nonpossessory interest in land that entitles the easement holder to a right of limited use in another's property." *Testolin v. Thirty-One Bar Ranch Co.*, 2024 WY 6, ¶ 16, 541 P.3d 455, 460 (Wyo. 2024) (quoting *Upper Wagon Box, LLC v. Box Hanging Three Ranch Ltd. P'ship*, 2022 WY 155, ¶ 11, 521 P.3d 551, 558 (Wyo. 2022)). To establish an implied easement, Mr. Tilden had to prove three elements:

> (1) common ownership followed by a conveyance separating the unified ownership; (2) before severance, the common owner used part of the property for the benefit of the other part, a use that was apparent, obvious, and continuous; and (3) the claimed easement is necessary and beneficial to the enjoyment of the parcel previously benefitted.

5

*Wheeldon v. ELK Feed Grounds House, LLC*, 2021 WY 71, ¶ 12, 488 P.3d 916, 919 (Wyo. 2021) (quoting *O'Hare v. Hulme*, 2020 WY 31, ¶ 30, 458 P.3d 1225, 1237 (Wyo. 2020)). Because the district court found in favor of Mr. Tilden on element 1, he only disputes the district court's findings as to elements 2 and 3.

[¶18] "After a bench trial, we review the district court's factual findings for clear error and its conclusions of law de novo." *Wheeldon*, 2021 WY 71, ¶ 11, 488 P.3d at 919 (quoting *Fuger v. Wagoner*, 2020 WY 154, ¶ 8, 478 P.3d 176, 181 (Wyo. 2020)).

> The factual findings of a judge are not entitled to the limited review afforded a jury verdict. While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail reweighing disputed evidence. Findings of fact will not be set aside unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. In considering a trial court's factual findings, we assume that the evidence of the prevailing party below is true and give that party every reasonable inference that can fairly and reasonably be drawn from it. We do not substitute ourselves for the trial court as a finder of facts; instead, we defer to those findings unless they are unsupported by the record or erroneous as a matter of law.

*Tuckness v. Town of Meeteetse*, 2024 WY 42, ¶ 11, 546 P.3d 1091, 1093–94 (Wyo. 2024) (quoting *Little Med. Creek Ranch, Inc. v. d'Elia*, 2023 WY 30, ¶ 16, 527 P.3d 856, 863 (Wyo. 2023)).

[¶19] In making his argument, Mr. Tilden contests some of the district court's factual findings. However, Mr. Tilden did not designate any of the trial exhibits as part of the record on appeal. *Knezovich v. Knezovich*, 2015 WY 6, ¶ 9, 340 P.3d 1034, 1036 (Wyo. 2015) ("The Appellant had the burden of bringing this Court a record sufficient to permit review of the issues he raises."). We are therefore restricted in our review and must defer to the district court's findings of fact with respect to those exhibits. *Id.* at ¶¶ 8–9, 340 P.3d at 1036.

[¶20] Mr. Tilden also claims the district court erred with respect to its findings on elements 2 and 3 because it limited its review of the evidence to his activities at the time of severance

in 2010. Under the doctrine of implied easements, courts examine the particular facts from the time the unified property was severed from a single possessory interest to "determine if the parties omitted granting an easement reasonably necessary for the use and enjoyment of the property." *Hansuld I*, 2003 WY 165, ¶¶ 16–17, 81 P.3d at 218–19 (quoting *Gray v. Norwest Bank Wyo., N.A.*, 984 P.2d 1088, 1091 (Wyo. 1999)). When determining if there is an implied easement, courts infer the intention of the parties to a conveyance of land by looking at "the circumstances surrounding the conveyance alone[.]" *Id.* "Only those activities that occurred before the date of severance are relevant to establishing the [second element] of an easement by implication[,]" and the third element of necessity is determined from "the circumstances existing at the time of severance[.]" 25 Am. Jur. 2d *Easements and Licenses* § 25; *Wheeldon*, 2021 WY 71, ¶ 15, 488 P.3d at 921; 25 Am. Jur. 2d *Easements and Licenses* § 27. The district court therefore did not err when it limited its review to Mr. Tilden's use of the Subject Property and proposed easement at the time of the severance.

## A. Element 2 – Apparent, Obvious, and Continuous Use

[¶21] The district court found Mr. Tilden failed to show his use of the proposed easement was apparent, obvious, and continuous at the time of severance. If there is no obvious or visible trail, path, or roadway at the time of severance, an easement implied by prior use will not be found. 25 Am. Jur. 2d *Easements and Licenses* § 25 (citing *Springer v. Cahoy*, 814 N.W.2d 131, 134 (S.D. 2012)). To form the basis of an implied easement, "a use 'must be plainly and physically apparent by reasonable inspection.'" *Miner v. Jesse & Grace, LLC*, 2014 WY 17, ¶ 42, 317 P.3d 1124, 1138 (Wyo. 2014) (quoting *Corbett v. Whitney*, 603 P.2d 1291, 1293 (Wyo. 1979)). The district court found the aerial photos from the time of severance show there was no defined path connecting from the county road through Ms. Jackson's property to the lower portion of the Subject Property. Instead, the district court found the path Mr. Tilden seeks as an easement showed a circle around a well inside of Ms. Jackson's property that did not connect to the Subject Property. Ms. Jackson testified, at the time she purchased the property, she thought the path was used to access the well. A neighboring landowner testified he was familiar with Ms. Jackson's property and the Subject Property, and at the time of severance, he never saw a path to the Subject Property, just a little track to get to a pump well that circled around the well. He stated the land behind the well was weeds and grass. The record supports the district court's conclusion there was no apparent, obvious, and continuous use of the proposed easement to access Mr. Tilden's property at the time of the severance.

## B. Element 3 – Necessity of an Implied easement

[¶22] "The final element for establishing an implied easement requires that the easement be necessary and beneficial to the enjoyment of the property previously benefitted." *Miner*, 2014 WY 17, ¶ 49, 317 P.3d at 1139. In other words, the easement must be necessary and

7

beneficial to the continuing use of the Subject Property by Mr. Tilden. There is "no precise definition of necessity[.]" *Id.* at ¶ 49, 317 P.3d at 1140 (quoting *In re Estate of Shirran*, 987 P.2d 140, 145 (Wyo. 1999)). Instead, we look to the nature of the prior use to determine if there exists a necessity to establish an implied easement. *Id.* (quoting *In re Estate of Shirran*, 987 P.2d at 145. To establish an implied easement, there must "be no other reasonable mode of enjoying the dominant tenement [or the Subject Property] without the easement." 25 Am. Jur. 2d *Easements and Licenses* § 27. "Where the use of a way is a mere convenience, it is insufficient to justify the granting of an implied easement across the servient estate[.]" 28A C.J.S. *Easements* § 95. Implied easements should only be recognized in those situations where it is clear the dominant property retains an easement over the purchaser's land, such as in situations where the easement is strictly necessary to the use and enjoyment of the dominant estate. 28A C.J.S. *Easements* § 80.

[¶23] Mr. Tilden does not dispute a county road runs through the Subject Property and gives him access to a portion of his property. He also stated he personally accessed the lower portion of the Subject Property through a game trail on his land that goes down the hillside, although he stated the game trial is quite steep and he cannot drive any type of vehicle on the trail. Mr. Tilden testified he kept the Subject Property because of his prize fishing hole, and when he severed the land and sold a portion to Ms. Jackson, he thought there was a way down the hillside to his favorite fishing hole. He did not consider building a cabin and horse corrals on the lower portion of the Subject Property until more than ten years after he severed the property. Mr. Tilden also failed to show there is no beneficial use of the entirety of the 2.64 acre parcel, i.e. building a cabin elsewhere on the Subject Property. He did not present any evidence he cannot access the lower portion of the Subject Property through other means, such as the game trail, to fish, ice skate, or shoot, which were his family's traditional uses of the lower portion of the Subject Property prior to severance. Mr. Tilden has not shown the required necessity to establish an implied easement. The district court correctly concluded Mr. Tilden failed to prove necessity existed at the time of severance. *See, e.g.*, *Wheeldon*, 2021 WY 71, ¶¶ 14–22, 488 P.3d at 920–22 (holding the plaintiffs failed to show necessity because they had other available means to use their property without the claimed easement). Because Mr. Tilden failed to establish elements 2 and 3 for an implied easement, we find the district court did not err when it declined to declare an implied easement across Ms. Jackson's property.

## CONCLUSION

[¶24] The district court did not err when it entered summary judgment denying establishment of a private road over Ms. Jackson's Property. Nor did it err when it denied an implied easement to Mr. Tilden's property over Ms. Jackson's property. Affirmed.