# IN THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 53

APRIL TERM, A.D. 2026

May 13, 2026

VICTORINE O'DONOGHUE,

Appellant
(Plaintiff),

v.

JIM VITO CONSTRUCTION, INC., and
JIM VITO, individually,

Appellees
(Defendants).

S-25-0309

*Appeal from the District Court of Teton County*
*The Honorable Melissa M. Owens, Judge*

*Representing Appellant:*
        Victorine O'Donoghue, pro se.

*Representing Appellees:*
        John D. Bowers, Bowers Law Firm, PC, Afton, Wyoming.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**

[¶1]    Victorine O'Donoghue, appearing pro se, appeals the district court's orders compelling the case to arbitration and confirming the arbitrator's decision.  We summarily affirm.

### ISSUES

[¶2]    Ms. O'Donoghue raises three issues:

1.    Did the district court err by compelling arbitration and dismissing her claims without affording a meaningful opportunity to be heard?

2.    Did the district court err as a matter of law by misapplying the statute of repose and the discovery rule?

3.    Did the district court abuse its discretion by dismissing the case without addressing pending motions, unanswered admissions, and cumulative procedural irregularities?

### FACTS

[¶3]    We discern the following facts from the limited record designated by Ms. O'Donoghue.

[¶4]    In July 2014, Ms. O'Donoghue entered into a contract with Jim Vito Construction, Inc., for the construction of a house in Teton County, Wyoming.  On January 23, 2015, Teton County issued a certificate of occupancy for the home.  In November 2023, Ms. O'Donoghue hired an exterminator who discovered there was no heat recovery ventilator (HRV) system in the home and other "related construction defects."  On February 5, 2025, Ms. O'Donohue filed a complaint against Jim Vito Construction, Inc. and its President, Jim Vito (hereinafter collectively Mr. Vito), apparently alleging breach of contract for "failing to complete required ventilation, insulation, and other critical systems necessary for legal occupation and health safety."  Mr. Vito filed a motion to compel arbitration and to stay the proceedings pursuant to an arbitration clause in the parties' construction contract.  After holding a hearing, the district court granted the motion, stayed the proceedings, and appointed an arbitrator.

[¶5]    On October 14, 2025, the arbitrator granted summary judgment in favor of Mr. Vito on statute of repose grounds.  Ms. O'Donoghue filed a motion to reconsider, arguing she

1

was denied the opportunity to present evidence and alleging Mr. Vito continued working on the house into February 2015, and the final payment was not made "until after that work was finished (February 1[,] 2015 or later)." She maintained the home was not substantially complete until after February 1, 2015, rendering her February 5, 2025 complaint timely under the ten-year statute of repose contained in Wyo. Stat. Ann. § 1-3-111. In the alternative, Ms. O'Donoghue claimed that even if the limitations period began to run from the issuance of the certificate of occupancy on January 23, 2015, her complaint was timely under Wyo. Stat. Ann. § 1-3-107(a) because it was filed within two years of her first discovering Mr. Vito's failure to install an HRV system and other related latent defects in November 2023. The arbitrator denied her motion for reconsideration.

[¶6] Mr. Vito moved the district court to confirm the arbitrator's decision. Ms. O'Donoghue filed a motion to vacate the arbitrator's decision due to procedural irregularities and newly discovered facts. She argued the arbitrator's decision must be vacated under Wyo. Stat. Ann. § 1-36-114(a) because the arbitrator "refused to hear evidence material to the controversy" including that (1) construction on the home continued after issuance of the certificate of occupancy as evidenced by the final payment on February 1, 2015,[1] and (2) Mr. Vito was aware of the ventilation system defects in December 2017 because he emailed her with remedial options after she called him concerning an odor emanating from the crawl space. She also faulted the arbitrator for not considering her second requests for admission as true because Mr. Vito failed to answer them. By not answering her requests, Ms. O'Donoghue claimed Mr. Vito admitted the HRV system was not installed in the home and that work on the home continued after issuance of the certificate of occupancy. Finally, Ms. O'Donoghue argued that even if the home was substantially completed in January 2015, Wyo. Stat. Ann. § 1-3-107(a) allows a plaintiff to bring an action within two years after discovering the injury in cases involving latent defects. Ms. O'Donoghue maintained her February 2025 complaint was timely filed because she did not discover the missing HRV system and other related defects until November 2023. The district court summarily confirmed the arbitrator's decision. Ms. O'Donoghue timely appealed.

### STANDARD OF REVIEW

[¶7]     We review *de novo* a district court's decision to confirm, vacate, or modify an arbitration award. When reviewing the district court's order after an arbitration, we undertake a full review of the record without deference to the views of the trial court. At the same time, this Court, like the

---

[1] Ms. O'Donoghue's claim that the final payment occurred on February 1, 2015, appears to be somewhat inconsistent with her earlier claim in her motion for reconsideration that Mr. Vito's work continued into February 2015 and the final payment was not made "until after that work was finished (February 1[,] 2015 or later)." A payment made on February 1, 2015, does not resolve questions about the timeliness of her February 5, 2025 complaint.

district court, shows substantial deference to the decision of the arbitrator.

*Felix Felicis, LLC v. Riva Ridge Owners Ass'n*, 2023 WY 18, ¶ 13, 524 P.3d 760, 764 (Wyo. 2023) (quoting *Skaf v. Wyo. Cardiopulmonary Servs., P.C.*, 2021 WY 105, ¶ 34, 495 P.3d 887, 897 (Wyo. 2021) (quoting *Worman v. BP Am. Prod. Co.*, 2011 WY 54, ¶ 6, 248 P.3d 644, 646 (Wyo. 2011))).

### DISCUSSION

[¶8]   Ms. O'Donoghue argues the district court erred when it compelled arbitration because "the arbitration process that was promised never occurred" given the arbitrator's failure to hold an evidentiary hearing.  She also contends the district court erred when it confirmed the arbitrator's decision because that decision was the result of procedural and substantive errors.  Specifically, Ms. O'Donoghue maintains the arbitrator committed procedural error by (1) failing to hold an evidentiary hearing to resolve disputed issues of material fact concerning the statute of repose and (2) failing to deem her requests for admission—that Mr. Vito did not answer—as true.  Substantively, she claims the arbitrator misapplied the statute of repose.  Finally, she argues the district court abused its discretion by confirming the arbitrator's decision without resolving her pending motions.

[¶9]   We summarily affirm the district court's orders compelling arbitration and confirming the arbitrator's decision.  Ms. O'Donoghue's brief fails to comply with the Wyoming Rules of Appellate Procedure, and she failed to designate a record sufficient for meaningful appellate review.

[¶10]  Addressing Ms. O'Donoghue's failure to comply with the Wyoming Rules of Appellate Procedure, W.R.A.P. 7.01 sets forth the requirements of an appellant brief.  Relevant here, it requires the appellant's brief to contain a table of legal authorities, a statement of our jurisdiction, and an appendix with the final order being appealed.  W.R.A.P. 7.01(c), (d), (k)(1).  It also requires the brief to contain an argument setting forth the "[a]ppellant's contentions . . . with citations to the authorities, statutes and pages of the designated record on appeal relied on" and "[f]or each issue, a concise statement of the applicable standard of review[.]"  W.R.A.P. 7.01(g).  Ms. O'Donoghue's brief does not contain a table of authorities, a statement of jurisdiction, an appendix with the final order being appealed, any record citations, the standard of review, or legal authority supporting her arguments.

[¶11]  Turning to Ms. O'Donoghue's designation of the record on appeal, she neglected to designate the arbitrator's summary judgment ruling, the summary judgment materials, her complaint, or the parties' arbitration agreement.  These omissions are fatal to her appeal.  Absent these documents, it is impossible for this Court to determine whether material factual disputes necessitated an evidentiary hearing, whether the arbitrator misapplied the

3

statute of repose, whether the district court properly compelled arbitration, or whether it erred when it confirmed the arbitrator's decision amid unresolved motions. She fails to identify the "pending motions" she alleges were ignored.

[¶12] "It is well established that the appellant bears the responsibility of bringing forth a sufficient record for the Court's review." *Ropken v. YJ Constr., Inc.*, 2025 WY 131, ¶ 26, 580 P.3d 1042, 1050 (Wyo. 2025) (citations omitted). *See also* W.R.A.P. 3.05(b) ("Appellant shall, contemporaneously with filing its brief in the appellate court and service of that brief upon appellee, file with the clerk of the trial court and serve on all parties and the appellate court clerk a designation for transmission of all parts of the record, without unnecessary duplication, to which appellant intends to direct the appellate court in its brief."); *Knezovich v. Knezovich*, 2015 WY 6, ¶ 9, 340 P.3d 1034, 1036 (Wyo. 2015) ("The Appellant had the burden of bringing this Court a record sufficient to permit review of the issues he raises." (citations omitted)). When appellant does not provide us a sufficient record, "we assume the district court's orders and rulings were correct, and summarily affirm the district court's decision." *Ropken*, ¶ 26, 580 P.3d at 1050 (citations omitted). *See also Freer v. Freer*, 2024 WY 118, ¶ 7, 558 P.3d 951, 953 (Wyo. 2024) ("Where a proper record is not provided, we assume the district court's orders and rulings are correct." (citations omitted)). Similarly, "[f]ailure to comply with W.R.A.P. 7.01 is grounds 'for such action as [we] deem[] appropriate, including but not limited to: refusal to consider the [appellant's] contentions . . . and [summary] affirmance.'" *Anderle v. State*, 2022 WY 161, ¶ 18, 522 P.3d 151, 154 (Wyo. 2022) (quoting W.R.A.P. 1.03(a)). While "[a] *pro se* litigant is entitled to some leniency from the stringent standards applied to formal pleadings drafted by attorneys[,]" the above rules apply to pro se litigants like Ms. O'Donoghue. *Burnett v. Burnett*, 2017 WY 57, ¶ 3, 394 P.3d 480, 482 (Wyo. 2017) (quoting *Young v. State*, 2002 WY 68, ¶ 9, 46 P.3d 295, 297 (Wyo. 2002)). *See also Freer*, ¶ 7, 558 P.3d at 953–54 (summarily affirming where pro se party failed to designate a record). We summarily affirm the district court's orders compelling arbitration and confirming the arbitrator's decision.

[¶13] Affirmed.